**Jim Wesley BANISTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–88–121–CR.**

Court of Appeals of Texas, Beaumont.

Nov. 30, 1988.

Robert S. Sobel, Houston, for appellant.

Michael C. Beller, D.C. "Jim" Dozier, Conroe, Michael R. Tiffin, Houston, for appellee.

OPINION

DIES, Chief Justice.

In the County Court at Law No. 2 of Montgomery County, Appellant was convicted by a jury of the offense of reckless conduct. The court assessed punishment at thirty days' confinement in the Montgomery County jail and a fine of $200. The court suspended imposition of the jail sentence and placed Appellant on probation for a period of six months. Appellant has perfected appeal to this court.

Point of error number one reads as follows:

> "The information is fundamentally defective in that it fails to allege with reasonable certainty the acts relied upon to constitute reckless conduct."

The State points out that Appellant failed to file a motion to quash in accordance with *TEX.CODE CRIM.PROC.ANN. art. 1.14(b)* (Vernon Supp.1988). *Article 1.14(b)* reads as follows:

> "If the defendant does not object to a defect, error, or irregularity of form or

substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding...."

The record on appeal contains no motion to quash the information nor any objection to the defect now alleged by Appellant. Therefore, this point of error was waived. *TEX.CODE CRIM.PROC.ANN. art. 1.14(b)* (Vernon Supp.1988). This point is overruled.

■ Appellant's last point of error is that "[t]here was insufficient evidence to support the jury finding of guilty." The information, in part, alleges "[Appellant] did then and there recklessly engage in conduct, that placed Dana Elizabeth Kratz in imminent danger of serious bodily injury, namely backing his motor vehicle on a public road in Montgomery County, Texas, in a direction which was contrary to the legal flow of traffic and thereby causing, at least in part, the motor vehicle, which was being operated by Dana Elizabeth Kratz in the direction of legal flow of traffic, to collide with the rear of said [Appellant]...."

*TEX.PENAL CODE ANN. sec. 22.05* (Vernon 1974) provides, in part:

"(a) A person commits an offense if he recklessly engages in conduct that places another in imminent danger of serious bodily injury."

*TEX.PENAL CODE ANN. sec. 6.03(c)* (Vernon 1974) states:

"A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint."

The facts are not much in dispute. On the morning of March 21, 1987, in a heavy fog, Appellant was driving a heavy dump truck on FM 1484 in Montgomery County. He missed his turn into the fairgrounds, stopped his truck, then very slowly (perhaps 3–5 m.p.h.) began to back up northbound. After just moving a few feet, perhaps five, Ms. Kratz, driving in a southbound direction, ran into the rear of the dump truck, and was critically injured. Just a little later yet another southbound vehicle ran into the rear of Ms. Kratz's car, which was entangled with the dump truck. Appellant makes much of the fact that all the witnesses, the two eyewitnesses and the state trooper, testified that the backing up by Appellant had little or nothing to do with the collision, that Ms. Kratz would probably have hit the dump truck if it were completely stopped. The point is, we think, that Appellant was on a public road, in heavy fog, and proceeding illegally in a northbound direction while Ms. Kratz was legally proceeding in a southbound direction. Under the adverse weather conditions then prevalent, Appellant certainly was acting recklessly as defined in the Texas Penal Code. *TEX.PENAL CODE ANN. sec. 6.03(c)* (Vernon 1974). This point of error is overruled.

The judgment of the trial court is affirmed.

BURGESS, Justice, dissenting.

I respectfully dissent. I find the evidence to be sufficient to sustain a finding of criminal negligence, but not recklessness. I find no evidence that appellant was aware of the risk as required by *TEX.PENAL CODE ANN. art. 6.03(c)* (Vernon 1974), which is the requirement of recklessness. There is ample evidence that appellant ought to have been aware of the risk, which is the requirement of criminal negligence. The comments to the Penal Code list many examples of recklessness: driving while intoxicated, speeding through a school zone when small children line the streets, chasing a traffic violator through a residential area at 100 miles an hour. In my opinion, the acts of appellant do not rise to the level of conscious disregard as evi-

denced by these examples. Therefore, I would sustain point of error number two and order an acquittal. Because the majority does not, I respectfully dissent.