Maria Margarita **RODRIGUEZ,**
Appellant,

v.

The **STATE** of Texas, **Appellee.**

No. 13–91–443–CR.

Court of Appeals of Texas,
Corpus Christi.

June 18, 1992.

Scott Ramsey, Houston, for appellant.

John D. Holmes, Jr., Dist. Atty., Kimberly Aperauch Stetler, Jim Mount, Asst. Dist. Attys., Houston, for appellee.

Before NYE, C.J., and KENNEDY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

NYE, Chief Justice.

In a trial to the bench, the trial court found appellant guilty of involuntary manslaughter and assessed punishment at ten years in prison, probated, and a $1,500 fine. By a single point of error, appellant complains of insufficient evidence to support her conviction. We affirm the trial court's judgment.

The facts in this case are essentially undisputed. The case arises from an automobile accident. William Bolin died from the injuries he sustained. Bolin and the appellant were driving in different directions on Winfern Road in Houston. Both vehicles approached an extremely sharp curve in the road. Jack Klepper was driving immediately behind Bolin and witnessed the accident. He testified that signs on both sides of the road warn drivers to slow down for the curve. He saw the brake lights activate on Bolin's pickup as both he and Bolin approached the curve. Klepper stated that appellant's black Nissan suddenly came into view "sideways in the middle of the road," and headed "almost directly across the road, right into the oncoming lane of traffic." Appellant's car collided with Bolin's pickup in Bolin's lane. Klepper stated that the accident happened too quickly for Bolin to avoid the collision.

Officer Rush, who was at that time a Harris County Constable, off-duty, was nearby when the accident occurred. When he arrived at the scene, he immediately verified that there were injuries and called for medical assistance. During his brief examination of the appellant, he noted "the strong smell of alcoholic beverage on and about her person." He also noted the smell of alcohol on and about Bolin.

By examining the scuff marks (marks made by a car sliding sideways) appellant's car left, Officer Rush determined that appellant's car went off the road as it rounded the curve, then slid sideways into the oncoming lane of traffic. He determined the precise point of impact by a large dent in the asphalt where the force of the impact pushed appellant's car down into the road. It was his opinion that appellant's failure to control her speed and remain in her own lane caused the accident. After summoning medical help, Officer Rush returned to the drivers. When he asked appellant if she was all right, she answered that she had gone around the curve too fast.

Bolin and appellant were taken to the hospital. A blood sample taken showed the alcohol concentration in appellant's blood was .14 percent. Bolin's blood test also registered alcohol, at .196 percent.

■ Appellant claims that the evidence was insufficient to support a finding that she recklessly caused Bolin's death. The trial court found that appellant "unlawfully, while operating a motor vehicle, caused her vehicle to collide with another vehicle ... recklessly causing the death of William Bolin by operating a motor vehicle while intoxicated and [by] failing to control her speed and maintain a single lane of traffic." Appellant claims the element of recklessness requires conscious risk creation, in which the actor is aware of the risk surrounding her conduct, or the results of her conduct, and consciously disregards that risk. Appellant does not dispute that she was at fault. However, she claims that her conviction is based solely upon her statement that she took the curve too fast and that such admission is insufficient to prove that she (1) actually perceived a risk of harm and that (2) she consciously disregarded it.

■ In reviewing sufficiency points, we view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Webb v. State*, 801 S.W.2d 529, 530 (Tex.Crim.App.1990); *see Hernandez Guerrero v. State*, 773 S.W.2d 775, 776 (Tex.App.—Corpus Christi 1989, no pet.). The factfinder is entitled to judge the credibility of witnesses, and can choose to believe all, some, or none of the

testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex.Crim.App.1991). *Hernandez Guerrero*, 773 S.W.2d at 776. Officer Rush testified that, after he requested medical help, he returned to the vehicles to check on the drivers. Appellant was conscious and he asked her if she was all right. Appellant told him that she had gone around the corner too fast.

Section 6.03 of the Texas Penal Code reads:

> A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

Tex.Penal Code Ann. § 6.03(c) (Vernon 1974). Intent may be inferred from the acts, words, and conduct of the accused. *Gutierrez v. State*, 672 S.W.2d 633, 635 (Tex.App.—Corpus Christi 1984), *affirmed as reformed*, 741 S.W.2d 444 (Tex.Crim. App.1987). The trier of fact makes its determination of culpable mental state from all of the circumstances. *Dillon v. State*, 574 S.W.2d 92, 94 (Tex.Crim.App. 1978); *Lara v. State*, 800 S.W.2d 387, 389 (Tex.App.—Corpus Christi 1990, pet. ref'd). Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have believed that appellant's statement that she took the corner too fast indicated that she was aware of the risk presented by the sharp curve before she entered it, knew that she was travelling at an inappropriate rate of speed, and yet disregarded the danger. Point one is overruled.

The judgment of the trial court is AFFIRMED.