Vandermeer v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-247-CR
&
No. 10-93-248-CR

     MARCUS RODNEY VANDERMEER,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court Nos. 20022-CR & 20023-CR
                                                                                                    

O P I N I O N
                                                                                                    

      In a combined trial of two separate indictments, the jury found Marcus Vandermeer guilty of
the involuntary manslaughter of two victims of a car wreck and assessed punishment at ten years'
imprisonment in each cause, probated for ten years. See Tex. Penal Code Ann. § 19.05(a)(1)
(Vernon 1989). As a condition of probation, the court ordered Vandermeer to pay $32,475.54
restitution in cause number 10-94-247-CR. See Tex. Code Crim. Proc. Ann. art. 42.12, §
11(a)(8), (b) (Vernon Supp. 1995). He appeals from each cause; thus, we combine the appeals
for disposition. In the first of five points of error, Vandermeer argues that the evidence is
insufficient to support his convictions.


 In point two he complains that the court admitted evidence
of statements he made to police. By point three he argues that the court erred in denying him a
mistrial after the prosecutor indicated to the jury during closing argument that the lesser-included
offense of negligent homicide was a misdemeanor. See Tex. Penal Code Ann. § 19.07. In the
last two points, he complains about the court's restitution order, claiming that the order was error
and an abuse of discretion. We will affirm.
      Vandermeer and Christina Tucker drove to Austin from Dallas on May 22, 1993, to attend
a party for a friend who had graduated from the University of Texas. After the party, they left
Austin to drive back to Dallas, leaving Austin between 11:00 and 11:30 p.m. Just north of
Waxahachie, at approximately 1:30 a.m. on May 23, Vandermeer drove his pickup truck onto the
shoulder of I-35 striking a parked car. Two people were inside the car when it was hit—Karen
Stracener, the driver, died within minutes of the collision; William Daniel, the passenger, died
later that day at a hospital. Tucker was also severely injured, but Vandermeer suffered only a
broken nose. 
      The Ellis County grand jury issued two indictments against Vandermeer, each with two
paragraphs. The indictments are identical except for the victims: the first indictment, cause
number 10-93-247-CR, charges him with the death of Daniel, while the other cause involves the
death of Stracener. Paragraph one of each indictment charges that Vandermeer caused the deaths
because he was operating his vehicle while intoxicated. See id. § 19.05(a)(2). The second
paragraph in both indictments charge that he caused their deaths by "recklessly . . . driving his
vehicle off of the main traveled portion of the roadway of I35E, onto the shoulder of same when
a parked car was then and there located . . . . " See id. § 19.05(a)(1). The jury found him not
guilty of the intoxication-manslaughter allegations in the first paragraph of each indictment, but
guilty of the reckless-manslaughter charges contained in the second paragraphs.
      In his first point, Vandermeer claims that the evidence is insufficient to support a finding that
he acted recklessly. "A person acts recklessly . . . with respect to circumstances surrounding his
conduct or the result of his conduct when he is aware of but consciously disregards a substantial
and unjustifiable risk that the circumstances exist or the result will occur." Id. § 6.03(c) (Vernon
1994). The trier of fact is to make this determination by inferences drawn from all of the
circumstances surrounding the event. Dillon v. State, 574 S.W.2d 92, 94 (Tex. Crim. App.
[Panel Op.] 1978). The issue is "whether, given all the circumstances, it is reasonable to infer that
the particular individual on trial was in fact aware of the risk." Id. at 95. Thus, we must examine
the evidence to determine if a rational trier of fact could have inferred that Vandermeer was aware
that he had driven his pickup truck onto the shoulder of I35E when the car occupied by Stracener
and Daniel was parked there and consciously disregarded any risk involved. See Rodriguez v.
State, 834 S.W.2d 488, 489 (Tex. App.—Corpus Christi 1992, no pet.). 
      At trial, Troopers Tom Prudom and Mark Lockridge of the Texas Department of Public
Safety testified that they were in a restaurant near the scene of the wreck when it occurred. Their
attention was drawn to the collision by the noise from the impact of the two vehicles. 
Accompanied by three Waxahachie police officers they immediately ran to the location. Prudom
examined the car driven by Stracener and Lockridge went to Vandermeer's pickup. Lockridge,
who first talked with Vandermeer, testified that Vandermeer said, "I saw some lights and I ran into
them." Trooper Prudom, who talked to Vandermeer at the scene and later at a hospital, testified
Vandermeer "made a statement that there was a car in front of him." 
      Reconstructing the collision, Prudom determined that Vandermeer was driving completely on
the shoulder at the time of the wreck. Prudom sponsored a photograph of the location, showing
that the collision occurred on a long, straight stretch of I35E. The nearest obstruction was a hill,
which Vandermeer had just traversed, at least one-half mile before the scene of the wreck. 
Because there were no skid marks leading up to the point of impact, Prudom could not determine
the speed with which Vandermeer's pickup struck Stracener's car. However, the jury saw a
videotape made at the scene the night of the wreck and pictures of Stracener's car and
Vandermeer's truck. From this evidence, the jury could have reasonably deduced that
Vandermeer was travelling at a high rate of speed, based on the condition of Stracener's car after
the collision. 
      Thus, the jury was presented with evidence that Vandermeer was driving completely on the
shoulder of a long, straight portion of the highway, at a high rate of speed, when he saw "some
lights" which he was able to identify before the collision as a car in front of him. From this
evidence, we conclude that a rational trier of fact could find that Vandermeer was aware that he
was driving on the shoulder, but consciously disregarded the substantial and unjustifiable risk
thereby created. Therefore, the jury was justified in finding that he was reckless in driving his
truck, and the evidence is sufficient to support his conviction. Point one is overruled.
      In point two, Vandermeer complains that the court erroneously allowed Trooper Prudom to
testify to his (Vandermeer's) oral statements made at a hospital. Vandermeer and the others were
taken to a hospital in Waxahachie after the collision, which Prudom went to after he finished his
investigation at the scene. There he read Vandermeer his Miranda rights


 and asked him standard
questions from a D.P.S. form. Among the questions asked were if Vandermeer was driving the
vehicle, where he was going, where he came from, whether he had been drinking, and, if so, what
and how much. Vandermeer's responses indicated that he was driving the truck "home" from
Austin and that he had had three "Bartle & James . . . a little while ago." 
      Vandermeer argues that his answers are unrecorded oral statements made as a result of
custodial interrogation and are thus inadmissible. See Tex. Code Crim. Proc. Ann. art. 38.22,
§ 3 (Vernon Supp. 1995). At trial, he presented the same argument to the court in a hearing
outside the presence of the jury. The court overruled his objection, however, and allowed the
statements to be presented to the jury. We do not make an independent determination of the merits
of his suppression claim, but review the trial court's decision for an abuse of discretion. See Meek
v. State, 790 S.W.2d 618, 620 (Tex. Crim. App. 1990). We will uphold the decision on a motion
to suppress if it is correct under any theory. See Romero v. State, 800 S.W.2d 539, 543 (Tex.
Crim. App. 1990).
      The parties join issue on the point of custodial interrogation, with Vandermeer arguing that
he was "clearly" in custody at the time of the statements, while the State insists that he was not. 
See Shiflet v. State, 732 S.W.2d 622 (Tex. Crim. App. 1985). We need not resolve this dispute
because we find that the court's ruling was correct for a different reason: Vandermeer's oral
statement contains a fact which the police later found to be true and which tended to establish his
guilt. See Tex. Code Crim. Proc. Ann. art. 38.22, § 3(c); Gunter v. State, 858 S.W.2d 430,
448-49 (Tex. Crim. App.), cert. denied, ___ U.S. ___, 114 S.Ct. 318, 126 L.Ed.2d 264 (1993).
      Vandermeer told Prudom that he was driving the truck at the time of the wreck. Prior to this
statement, the police did not know that he was the driver. One of the officers had seen
Vandermeer getting out of the truck from the driver's door at the scene, but nothing at the scene
indicated that he was the driver. The officers were not able to speak with Tucker, Vandermeer's
passenger, because she was being treated for a broken back sustained in the collision. Only after
she was released from treatment were police able to establish, apart from Vandermeer's
statements, that she was asleep at the time of the wreck and, therefore, that Vandermeer was the
driver. 
      If even one assertion in a statement which tends to show the guilt of an accused is found to
be true, the entire statement is admissible. Gunter, 858 S.W.2d at 449. Finding that the court
could have denied Vandermeer's motion to suppress because his statement contained a fact which
tended to establish his guilt, we overrule point two. 
      By point three Vandermeer complains that the court should have granted him a mistrial after
the prosecution in closing argument alluded to the fact that the lesser-included offense of
criminally negligent homicide is a misdemeanor. See Tex. Penal Code Ann. § 19.07. Any
harm which may have sprung from the prosecutor's use of the word misdemeanor in reference to
the lesser-included charge was cured by the court's instruction to disregard the statement. See
Blackwell v. State, 818 S.W.2d 134, 138-39 (Tex. App.—Waco 1991, pet. ref'd). Thus, the court
did not err in denying Vandermeer's motion for a mistrial. Point three is overruled. 
      In points four and five, Vandermeer attacks the order directing him to pay restitution as a
condition of probation and the amount of the restitution set in cause 10-94-247-CR. In point four,
he claims that the court erred in ordering him to pay restitution to Daniel's estate because,
according to Vandermeer, only the victim of the offense is eligible for restitution payments. See
Tex. Code Crim. Proc. Ann. art. 42.12, § 11(a)(8), (b); Martin v. State, 874 S.W.2d 674 (Tex.
Crim. App. 1994). However, Vandermeer failed to raise this argument in the trial court and,
thus, cannot now raise it for the first time on appeal. See Tex. R. App. P. 52(a); Lankston v.
State, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992). Point four is overruled.
      In point five, Vandermeer claims that the court abused its discretion in setting the amount of
restitution to be paid. The court ordered him to pay $32,475.54 in restitution to Daniel's estate. 
The amount set is within the sound discretion of the court, so long as it has a factual basis in the
record and is just. Martin, 874 S.W.2d at 676. A probation officer testified that Daniel's medical
expenses were $27,130.54, funeral costs were $3,575, and that the cost of moving his belongings
and his family's travel expenses were $1,770. These figures add up to $32,475.54, the amount
ordered as restitution. Thus, the amount ordered has a factual basis in the record. We conclude
that Vandermeer is in no position to claim that requiring him to pay these expenses is unjust. 
Thus, we overrule point five.
      Having overruled points one, two and three in cause number 10-94-248-CR, that judgment
is affirmed. Likewise, having overruled points one, two, three, four, and five in cause number
10-94-247-CR, that judgment also is affirmed.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed January 2, 1995
Do not publish