ACCEPTED
13-14-00059-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
10/19/2015 8:18:16 PM
Dorian E. Ramirez
CLERK

No. 13–14–00059–CR

COURT OF APPEALS
FOR THE THIRTEENTH JUDICIAL DISTRICT
CORPUS CHRISTI/ EDINBURG, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
10/19/2015 8:18:16 PM
DORIAN E. RAMIREZ
Clerk

| | | |
|---|---|---|
| MONICA GALVAN, | § | |
| Appellant, | § | Appeal from the |
| | § | 347th Judicial District Court |
| versus | § | of Nueces County, Texas |
| | § | Cause No. 11–CR–3519–H |
| THE STATE OF TEXAS, | § | |
| Appellee. | § | |

POST SUBMISSION BRIEF

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS, THIRTEENTH JUDICIAL DISTRICT:

Appellant, MONICA GALVAN, by and through undersigned counsel, respectfully submits this, her post submission brief, and would show unto this Honorable Court the following:

During the oral arguments held before this Honorable Court, Justice Benavidez posed the interesting question, as best remembered by undersigned counsel, that if there is evidence that Mrs. Manka, formerly Ms. Galvan, had alcoholic beverages, although not enough to become intoxicated, and there was evidence that she had engaged in an argument in the vehicle moments before the

1

accident, is that not reckless. Undersigned counsel answered that he "would certainly argue no."

As indicated during argument the operative word of the binding case law from the court of criminal appeals, is "consciously." The State was required to prove that Mrs. Manka was aware of a substantial and unjustifiable risk and consciously disregarded that risk. As the Court of Criminal Appeals stated,

> Recklessness requires the defendant to **actually** foresee the risk involved and to **consciously** decide to ignore it. Such a "devil may care" or "not giving a damn" attitude toward the risk distinguishes the culpable mental state of criminal recklessness from that of criminal negligence, which assesses blame for the failure to foresee the risk that an objectively reasonable person would have foreseen.
> *Williams v. State*, 235 S.W.3d 742, 751–52 (Tex. Crim. App. 2007) (emphasis added) (internal citations omitted).

In the case at hand, the State failed to bring any evidence that Mrs. Manka actually did foresee the risk and consciously decide to ignore it.

Further, the acts performed by Mrs. Manka, themselves, did "not pose a 'substantial and unjustifiable risk,'" therefore, "the evidence [was] not legally sufficient to submit the case to a jury or to sustain a conviction." *Williams*, 235 S.W.3d at 768–69. There is testimony that Mrs. Manka had been at a lounge that night and had two to three drinks and possibly a mixer shot at the lounge that night. 3R54–55, 4R20. Mrs. Manka then ate at Whataburger. 4R21. She was acquitted of intoxication assault. 6R51–52. There is no evidence that she was driving over the speed limit or disregarding traffic laws. The events that transpired on the night

of the accident do not amount to a substantial and unjustifiable risk and are not of the magnitude of facts in the cases cited by Mrs. Manka, in her Briefs, in which courts of appeals have upheld a conviction attained by the State using a culpable mental state of recklessness.[1] Mrs. Manka and the passengers in her vehicle were involved in what can only be described as a tragic accident.

An "examination of the events and circumstances from the viewpoint of [Mrs. Manka] at the time the events occurred, without reviewing the matter in hindsight" reveals that she was not consciously disregarding a substantial and unjustifiable risk. As such, her conviction should be reversed.

Respectfully submitted:

DANTE ELI DOMINGUEZ
Bar No. 24086677

---

[1] *See e.g. Elliot v. State,* No. 13–13–00220–CR, 2015WL1869472 (Tex. App.—Corpus Christi, April 23, 2015) (driver admitted to being drunk, continued driving after hitting pedestrian, told friend she was too drunk to stop at the scene and fled to avoid arrest, went to auto glass shop the next morning to replace windshield, and used bleach to clean car); *Rodriguez v. State*, 834 S.W.2d 488 (Tex. App.—Corpus Christi, 1992, no writ hist.) (driver admitted to driving around curve, which was marked with warning signs, too quickly and colliding with other motorist head-on, with .14 BAC); *Aliff v. State*, 627 S.W.2d 166 (Tex. Crim. App. 1982) (driving over 100mph and colliding with car while passing a vehicle on the shoulder of the roadway); *Rubio v. State*, 203 S.W.3d 448 (Tex. App.—2007 pet ref'd) (driving 47mph through intersection where speed limit was 35mph and having .17 BAC); *Arellano v. State*, 54 S.W.3d 391 (Tex. App.—Waco 2001, pet. ref'd) (driving 25 to 30mph over the speed limit and ignoring signs warning of the stop sign ahead, before slamming on breaks and colliding with another car); *Newman v. State*, 49 S.W.3d 577, 580 (Tex. App.—Beaumont 2001, pet. ref'd) (speeding, passing another motorists on a two lane highway, continuing to drive in the wrong lane, and striking another motorist at the crest of a hill); *Gill v. State*, 981 S.W.2d 517 (Tex. App.—Beaumont 1998, pet. ref'd) ("speeding is not necessarily reckless conduct. Speeding while intoxicated, however, is reckless conduct."); *LaSalle v. State*, 973 S.W.2d 467, 474 (Tex. App.—Beaumont 1998, pet. ref'd) (speeding and disregarding multiple stop signs before crashing); *Trapanier v. State*, 940 S.W.2d 827 (Tex. App.—Austin, 1997, pet ref'd.) (rapidly accelerating from stoplight, cutting through multiple lanes of traffic, passing delivery truck on shoulder of road before colliding with bicyclist); *Porter v. State*, 969 S.W.2d 60 (Tex. App.—Austin 1998, pet ref'd) (driver admitted being "very much fatigued" when driving with cocktail of controlled substances in his system and hiding a syringe and spoon in his sock); *Banister v. State*, 761 S.W.2d 849 (Tex. App.—Beaumont 1988, no writ) (driving illegally, against traffic on a densely foggy morning).

Law Office of Dante Eli Dominguez
310 S. St. Mary's St.
Suite 1215
San Antonio, Texas 78205
Phone: (210) 227-9399
Facsimile: (210) 229-1445
E-mail: ddominguez.law@gmail.com

By:_____/s/_____
          DANTE ELI DOMINGUEZ

Attorney for Appellant,
MONICA GALVAN

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes.

By:_____/s/_____
          DANTE ELI DOMINGUEZ

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above foregoing Appellant's Brief has been served electronically, in compliance with Tex. R. App. P. 9.5(b)(1) to Mark Skurka, District Attorney, 901 Leopard Street, Room 206, Corpus Christi, Texas, on this the 19th day of October, 2015.

By:_____/s/_____
          DANTE ELI DOMINGUEZ