

NUMBER 13-17-00645-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MELISSA ANN VILLARREAL,                                                Appellant,

v.

THE STATE OF TEXAS,                                                Appellee.

On appeal from the 377th District Court
of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Longoria**

Appellant Melissa Ann Villarreal appeals the revocation of her community supervision. She argues on appeal that the State failed to meet its burden of proof that she violated the terms of her community supervision. We affirm.

## I. BACKGROUND

Villarreal was indicted for one count of manufacture-delivery of a controlled substance in penalty group 1 in an amount of four grams or more but less than 200 grams (count 1), *see* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West, Westlaw through 2017 1st C.S.), and one count of possession of a substance in penalty group 3 in an amount of twenty-eight grams or more but less than 200 grams (count 2). *See id.* § 481.117(c) (West, Westlaw through 2017 1st C.S.). She pled guilty to count 1, and the State agreed to abandon count 2. Villarreal was fined $1,000 and sentenced to ten years' imprisonment. Her sentence was suspended and she was placed on community supervision for five years.

On January 11, 2017, the State filed a motion to revoke, based on Villarreal's alleged violation of conditions 1, 2, 3, and 8 of her community supervision.[1] The State alleged that Villarreal violated conditions 1 and 2 by committing the offense of delivery of a controlled substance. The State alleged Villarreal violated condition 3 by associating

---

[1] Conditions 1, 2, 3, and 8 of her community supervision stated:

    (1) Commit no offense against the laws of this State or of any other state or of the United States of America.

    (2) Do not purchase nor have in your possession alcoholic beverages, illegal drugs or narcotics. Stay away from liquor stores and any place where alcoholic beverages are consumed, except bona fide eating places, and abstain from the use of alcoholic beverages of any kind or any substance capable of or calculated to cause intoxication.

    (3) Avoid association with persons who violate or have a reputation for violating the laws of this State or any other state or of the United States of America.

. . . .

    (8) Not leave the State of Texas or the County of approved residence without first obtaining permission in writing from the Officer showing that the Court authorized such removal.

2

with a convicted felon, Kervin Eugene Bryant. The State alleged that Villarreal violated condition 8 by leaving the county of her approved residence, Victoria County, without permission.

On October 26, 2017, a hearing was held on the State's motion to revoke. Mark Angel, a Victoria County probation officer, testified first. He confirmed that Villarreal is on community supervision and that one of the terms of her community supervision was that she could not leave Victoria County without permission. He testified that she did not have permission to leave Victoria County on September 20, 2016, the date on which Villarreal was arrested in Wharton County while with Bryant. Angel further testified that Villarreal admitted to him that she was aware that Bryant was a convicted felon.

Officer Nathan Kubes of the El Campo Police Department testified that he encountered Villarreal in Wharton County on September 20, 2016. She was in the passenger seat of the vehicle Bryant was driving. Officer Kubes testified that Villarreal had 1.06 ounces of marihuana and 55.58 grams of cocaine on her person.

Villarreal testified that Bryant had been physically abusive to her in the past. She admitted to leaving Victoria County without permission to travel with Bryant to El Campo, Texas in Wharton County. She claimed that Bryant was holding the drugs but passed them to her when the police pulled them over. According to Villarreal, she informed the police officer that she was afraid of Bryant. However, she also acknowledged that Bryant had not threatened her or her child in any fashion to get her to leave Victoria County.

The trial court found the allegations that Villarreal had violated conditions 1, 2, 3, and 8 of her community supervision to be true. The trial court revoked her community supervision and sentenced her to five years' imprisonment. This appeal followed.

## II. DISCUSSION

In her sole issue, Villarreal contends that the State failed to prove by a preponderance of the evidence that she violated the terms of her community supervision.

### A. Standard of Review and Applicable Law

We review revocation of community supervision for abuse of discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). To revoke a defendant's probation, the State need only prove a violation of a condition of the probation by a preponderance of the evidence. *See Hacker v. State,* 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). Preponderance of the evidence means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Id.* A single proven violation is all that is needed to affirm a trial court's order revoking a defendant's community supervision. *See Smith v. State,* 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).

When reviewing an order revoking community supervision, we view all the evidence in the light most favorable to the trial court's ruling. *See Hacker,* 389 S.W.3d at 865. The trial court as fact-finder is the sole judge of the credibility of witnesses and the weight to be given to their testimony. *See id.* Thus, if the record supports conflicting inferences, it must be presumed that the trial court resolved any such conflict in favor of its findings. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013).

### B. Analysis

Appellant argues that the State failed to show by a preponderance of evidence that she violated the conditions of her community supervision. More specifically, her entire argument simply reads that the State failed to meet its burden "because the four

allegations against Appellant were defended on the grounds that she was compelled to do what had been alleged to protect her child from its abusive parent." The record establishes that Villarreal was found to be in possession of 1.06 ounces of marihuana and 55.58 grams of cocaine. Villarreal does not contest these facts. This alone is enough to establish by a preponderance of the evidence that Villarreal violated conditions 1 and 2. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(d), 481.117(c); *Temple*, 390 S.W.3d at 360; *Hacker,* 389 S.W.3d at 865.

Furthermore, Villarreal admitted to violating conditions 3 and 8. It is undisputed that Villarreal was located in Wharton County on September 20, 2017. It is also undisputed that Villarreal, as a condition to her community supervision, was not to leave Victoria County without permission. Villarreal admits that she did not have permission to leave Victoria County. Additionally, Villarreal admits that she was aware that Bryant was a convicted felon. This is sufficient to show by a preponderance of the evidence that she violated conditions 3 and 8. *See Temple*, 390 S.W.3d at 360; *Hacker,* 389 S.W.3d at 865.

Despite this evidence, Villarreal contends that on September 20, 2017, she was acting under duress out of fear that Bryant would hurt her child. She argues that this duress defense prevented the State from meeting its burden. However, Villarreal never raised a sufficient duress defense during trial. She testified generally that she was afraid of Bryant and that he had been abusive in the past; however, she specifically admitted that Bryant had made no specific threats to hurt her or her child in relation to the trip to El Campo. A general fear of an individual without evidence of a specific, objective threat is insufficient to raise a defense of duress. *See Cameron v. State,* 925 S.W.2d 246, 250 (Tex. App.—El Paso 1995, no pet.).

5

More importantly, even had Villarreal raised sufficient evidence to support a possible duress defense, the trial court was not under any obligation to believe her testimony. The trial court is the fact-finder and the sole judge of the credibility of witnesses and the weight to be given to their testimony. *See Hacker,* 389 S.W.3d at 865. A trial court may choose to believe all, some, or none of a witness's testimony. *See Rodriguez v. State,* 834 S.W.2d 488, 489-490 (Tex. App.—Corpus Christi 1992, no pet.). We presume the trial court disbelieved any possible defense of duress that Villarreal raised. *See Temple*, 390 S.W.3d at 360.

In summary, there was sufficient evidence to support, by a preponderance of the evidence, that Villarreal violated conditions 1, 2, 3, and 8 of her community supervision. *See Hacker,* 389 S.W.3d at 865. And the trial court was under no obligation to believe her duress defense testimony, assuming she had even raised evidence of duress. *See id.* As fact-finder, the trial court could have chosen not to believe her testimony. *See Rodriguez,* 834 S.W.2d at 489. Thus, the trial court did not abuse its discretion by revoking her community supervision. *See Rickels*, 202 S.W.3d at 763. We overrule Villarreal's sole issue.

## III. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of July, 2018.