Jane **ROSAMOND,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–85–494–CR.

Court of Appeals of Texas, Corpus Christi.

April 23, 1987.

Larry Warner, Brownsville, Joseph A. Connors, III, McAllen, for appellant.

Ben Euristi, Jr., Brownsville, for appellee.

Before DORSEY, UTTER and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from a misdemeanor conviction for participating in a vote while an alderman for a town on a matter in which appellant had an economic interest, in violation of Tex.Rev.Civ.Stat.Ann. art. 988b, § 3(a)(1) (Vernon Supp.1987). Punishment was assessed at a fine of $100.00.

By her ninth point of error, appellant asserts that the indictment is fundamentally defective in that it fails to negate the statutory exceptions to the offense. The applicable statute provides two exceptions to the offense: (a) if "the business entity is the only business entity that provides the needed service or product within the jurisdiction of the governmental entity and is the only business entity that bids on the contract" and (b) if the governing body takes a separate vote on the budget item involving a business in which a member of the governing body has a substantial interest and the affected member abstains from that separate vote. Tex.Rev.Civ.Stat.Ann. art. 988b, § 5(a)(b) (Vernon Supp.1987).

Neither exception was alleged in the indictment; appellant accordingly filed a motion to quash. The general rule is that "where a penal statute embraces an exception which is part of the statute itself ... it is necessary for the state to negate such an exception in the indictment." *McElroy v. State*, 720 S.W.2d 490, 493 (Tex.Crim.App.1986), *quoting Threlkeld v. State*, 558 S.W.2d 472, 473 (Tex.Crim.App. 1977); *see* Tex.Penal Code Ann. § 2.02 (Vernon 1974). The Court of Criminal Appeals held that this rule applies to penal statutes included in the civil statutes, such as we have in this case, as well as exceptions to criminal conduct in the penal code. *McElroy v. State*, 720 S.W.2d at 492. The effect of failing to negate an exception in the indictment is the same as failing to allege an essential element of the offense: the indictment is void. *Id.*

In *McElroy*, the indictment charged a contractor with misapplication of construction trust funds pursuant to Tex.Rev.Civ. Stat.Ann. art. 5472e §§ 1, 2 (repealed and

now codified at Tex.Prop.Code Ann. § 162.-031 (Vernon 1984)). An exception under the statute was the use of construction trust funds for reasonable overhead expenses. The Court of Criminal Appeals declared the indictment void for failure to negate the reasonable overhead expense exception to the offense. *McElroy v. State*, 720 S.W.2d at 492.

That rule applies here. The exceptions to criminal conduct must be negated in the indictment. Because this was not done, the indictment is fundamentally defective for failure to allege all elements of the offense and is void. Appellant's ninth point of error is sustained.

■ Although the judgment of conviction must be reversed because of a fatally defective indictment, we will decide whether the evidence is sufficient to support the conviction. *McElroy v. State*, 720 S.W.2d at 493–95; *Foster v. State*, 635 S.W.2d 710, 717 (Tex.Crim.App.1982). If the evidence is insufficient, the appellant may not be retried for the offense. *Id.*

By her tenth point of error, appellant maintains there was no evidence negating the statutory exceptions, and thus, the evidence is insufficient to support her conviction.

■ In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984).

■ During the 1985 Spring Break at South Padre Island, the Chief of Police contacted the City Manager for assistance in locating temporary local accommodations for police who were working rotating continuous shifts, but who lived some distance from the town. The City Manager contacted the three major hotels on the Island and a condominium rental agency to locate suitable accommodations for the officers, but was unsuccessful. He testified that appellant then walked past his office and he made the same request of her be-

cause he knew she was a rental agent for Padre Rental and Maintenance. Padre Rental rented three condominiums to the City during the Spring Break. At a meeting of the Board of Aldermen, the bill for rent was submitted for payment. The Board approved payment to Padre Rental and Maintenance and the appellant, Mrs. Rosamond, participated in the vote.

Because there was evidence appellant did not abstain from the vote, the exception in Section 5(b) was negated. The exception in Section 5(a) is "if the business entity is the only business entity that provides the needed service or product within the jurisdiction of the governmental entity and is the only business entity that bids on the contract."

The following evidence was relevant on the issue of whether Padre Rental was the only business entity that could provide the needed service. Alderman Tom Reich testified that he had had some vacancies available during Spring Break at the Bahia Mar, which were not suitable for rental but would have served the needs of the City, but had not been asked to rent them by the City Manager. Mr. George Ferguson testified that he had also had rental units available during Spring Break; however, at trial it was determined that these units were not available on a short term basis.

The City Manager testified he did not have time to take bids on the contract because of the immediate need to house police officers on the Island during Spring Break. Thus, no other businesses bid on providing the services. The statute makes no provision for a situation in which bids are not taken; the exception to be negated is that the defendant's business is the only one providing the service *and* the only one to bid. The State failed to negate that Padre Rental and Maintenance was the only business to bid on the contract. Appellant's tenth point of error is sustained.

Having found the indictment fatally defective and the evidence insufficient to negate the exceptions to the offense, we reverse the judgment and remand the cause to the trial court for entry of a judgment of acquittal. Because of our disposition of these controlling points of error, we do not

address appellant's remaining twenty-three points. Tex.R.App.P. 90.