**Jesus Ruiz GUTIERREZ, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 756–84.**

Court of Criminal Appeals of Texas,
En Banc.

Dec. 2, 1987.

Stephen A. Cihal (court appointed on appeal), Victoria, for appellant.

George J. Filley, III, Dist. Atty., Victoria, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

Appellant was tried by a jury and convicted of murder. The jury assessed punishment at life imprisonment. On original appeal appellant argued that the evidence was insufficient to convict him of the offense and that the trial court had erroneously entered an affirmative finding of a deadly weapon in the judgment. After reviewing the two grounds of error, the Corpus Christi Court of Appeals affirmed appellant's conviction. *Gutierrez v. State,* 672 S.W.2d 633 (Tex.App.—Corpus Christi 1984). We granted appellant's petition for discretionary review to examine the Court of Appeals' decision that the trial court properly entered an affirmative finding in its judgment.

In *Polk v. State,* 693 S.W.2d 391 (Tex.Cr. App.1985), this Court held that the trial court may properly find that the jury made an affirmative finding in three instances. Those three instances are:

(1) when the indictment by allegation specifically places the issue before the trier of fact (i.e. "... by stabbing him with a knife, *a deadly weapon* ...") and the defendant is found guilty "as charged in the indictment."

(2) when the indictment alleges the use of a deadly weapon per se.

(3) when the trier of fact responds to a special issue submitted during the punishment stage of the trial.

A review of the record in the instant case shows that none of the three instances outlined above occurred and thus the trial court improperly entered the affirmative finding. The indictment in the instant case alleged in pertinent part that the appellant:

"did then and there intentionally and knowingly cause the death of an individual, DAVID RICHARD GONZALES, by shooting him with a gun ..."

Evident from the indictment is the fact that neither was the issue of a deadly weapon placed before the jury nor did the indictment allege the use of a deadly weapon per se. *Ex parte Grabow*, 705 S.W.2d 150 (Tex.Cr.App.1986); *Boyett v. State*, 692 S.W.2d 512 (Tex.Cr.App.1985). In addition, although both phases of appellant's trial were tried to the jury, no special issue was submitted to the jury regarding the use of a deadly weapon.

█ Appellant's ground for review must be sustained. Our remedy however is not to reverse appellant's conviction but rather to reform the judgment by deleting the offending language. Accordingly, we must order that the affirmative finding in the judgment to-wit: "The Jury found that the Defendant, JESUS RUIZ GUTIERREZ, JR. used a deadly weapon to-wit: a gun, in the commission of the offense of MURDER," be stricken from the judgment. The judgments of the Court of Appeals and the trial court as reformed are affirmed.

The Clerk shall forward a copy of this opinion to the Texas Department of Corrections.