**Norma LOPEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 13–91–479–CR.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 17, 1992.

Opinion With Clarification Overruling Motion for Rehearing Jan. 28, 1993.

Mark Alexander, McAllen, for appellant.

Rene Guerra, Dist. and County Atty., Cynthia A. Morales, Asst. Criminal Dist. Atty., Edinburg, for appellee.

Before NYE, C.J., and GILBERTO HINOJOSA and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

NYE, Chief Justice.

Appellant was charged with three counts of barratry. The court instructed a verdict on two counts and submitted the third to a jury. The jury convicted appellant. The

court assessed a $300 fine, court costs, and thirty days in jail, probated. By eight points of error, appellant complains of the judgment, including claims of error in the indictment and vagueness and overbreadth in the barratry statute. We affirm the judgment.

By point one, appellant claims that the evidence is insufficient to support conviction. She argues that the State did not prove beyond a reasonable doubt that a motor vehicle belonging to Valley Coca–Cola Bottling Company collided with a Mission Consolidated Independent School District bus on September 21, 1989. Nor did the State bring sufficient evidence to prove that appellant solicited employment. We review the facts in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App.1989); *State v. Sandoval,* 842 S.W.2d 782 (Tex. App.—Corpus Christi 1992, n.p.h.). Sufficiency of the evidence is measured by the charge given in a particular case. The standard of review in circumstantial evidence cases is the same as in direct evidence cases. *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App.1984).

> The State alleged in its indictment:
> that [appellant] did ... with intent to obtain a benefit for herself, said benefit being employment ... did solicit employment for another, to-wit: Mauro Reyna, III, to prosecute a suit and to collect a claim, to wit: said defendant did solicit Maria de la Paz Martinez to allow Mauro Reyna, III, to prosecute a suit and to collect a claim for Maria de la Paz Martinez against Valley Coca–Cola Bottling Company as a result of the Mission Consolidated Independent School District bus collision with the Valley Coca–Cola Bottling Company motor vehicle that occurred on September 21, 1989.

Each of the State's four witnesses testified that they had relatives that were either injured or killed in the school bus accident. Although none of them knew appellant, she contacted each within days of the accident. Appellant conveyed to them that Mauro Reyna was available to represent them concerning the accident. Marta Alday and her mother, Maria de la Paz Martinez, spoke with appellant at the home of a friend on separate occasions. There was conflicting evidence about whether appellant offered to "help" with food or money during those interviews. Appellant repeatedly told each woman that "she was there to help" if needed. A different witness stated that appellant attended her nephew's wake. Upon leaving, appellant gave the witness a single card bearing both Reyna's and appellant's name. No one at the wake knew or invited appellant.

All of the State's witnesses agreed that a collision involving a school bus occurred on September 21, 1989. The witnesses testified that they lived in or near Mission, Texas. The State adduced testimony that the accident occurred before 7:40 or 8:00 a.m. From this evidence, a rational trier of fact could have concluded that a Mission school bus was involved in a collision on that date, as required by the jury charge. Maria de la Paz Martinez testified that her daughter was on the bus that was hit by "the Dr. Pepper truck." She stated that she never planned to make a claim "against Coca–Cola" for her daughter's injuries from the bus accident until appellant contacted her. She said that she had since fired Reyna and he no longer represented her "against Coca–Cola." From this evidence, the fact finder could have inferred that Valley Coca–Cola was the other party involved in the school bus collision.

Lastly, appellant challenges the evidentiary sufficiency to prove that she *solicited* employment. Appellant claims that Ms. Martinez could have requested appellant's communication and that the State did not disprove this possibility beyond a reasonable doubt. The Penal Code provides:

> A person commits an offense if, with intent to obtain an economic benefit for himself he solicits employment for himself or another to prosecute or defend a suit or to collect a claim or procures another to solicit for him employment to

prosecute or defend a suit or to collect a claim. TEXAS PENAL CODE ANN. § 38.12 (Vernon Supp.1992)

"Solicit" means:

to communicate in person ... with a claimant or ... with a member of the claimant's family when neither the person receiving the communication nor anyone acting on that person's behalf has requested the communication. The term does not include communicating by a family member of the person receiving a communication, communicating by an attorney who had a prior attorney-client relationship with the person receiving the communication, or communicating with a qualified nonprofit organization for the purpose of educating laymen to recognize legal problems, to make intelligent selection of legal counsel, or to use available legal services. TEXAS PENAL CODE ANN. § 38.01(11) (Vernon Supp.1992).

The evidence shows that appellant first spoke with Martinez's daughter, Marta Alday. Alday testified that a friend, Nora Olivarez, told Alday that someone was looking for her "to see if she wanted to make a suit because of her sister." Alday went to Olivarez's house and met appellant. The conversation between Alday and appellant ended when Alday told appellant that she could not sue because she was not the child's mother. The next day, Martinez was summoned to Olivarez's house in much the same way. There, appellant explained to Martinez that she had legal rights due to her daughter's accident. Martinez testified that she had not thought of suing and did not want a lawyer. She told appellant she did not want to sue anyone. She "did not want anything against anybody." Martinez stated that she did not call Reyna's office before talking to appellant, nor did she talk to any other attorneys about representing her and her daughter.

Martinez testified that after that meeting, appellant contacted her twice more. Appellant urged her to sign a contract for representation by suggesting that her daughter would have problems later and that Martinez would not have the money to care for her. Appellant also told Martinez

that the court would possibly appoint an attorney for her daughter and that "they would take her rights away." Appellant offered to help Martinez with food or money, "or anything [they] needed." Martinez stated that because of appellant's predictions, she "signed with Norma." Martinez is not related to either Olivarez or appellant. Both Alday and Martinez stated that appellant was representing an attorney—Reyna.

Appellant argues that the facts show no offense because *Olivarez* initiated the contact with Martinez rather than appellant, and Olivarez could have been acting on Martinez's behalf. Martinez's testimony indicates that she did not desire nor request any communication from appellant, either directly or through Olivarez. Further, Martinez stated that she did not send Alday to Olivarez's house to inquire about an attorney for her. The evidence was sufficient for a rational jury to conclude that neither Martinez nor anyone acting on her behalf requested the communication from appellant. Moreover, appellant's contention that the State's failure to call Nora Olivarez was a fatal error is without merit. Even without any testimony from Olivarez, a rational jury could have found beyond a reasonable doubt that Martinez did not request any communication from appellant. Point one is overruled.

■ By point two, appellant complains that the trial court erred in failing to quash the indictment because the State did not negate the exceptions found in the Texas Penal Code.Ann. § 38.01 (Vernon Supp. 1992). *See* § 38.01, *supra.*

■ The general rule is that where a penal statute embraces an exception which is part of the statute itself, the State must negate the exception in the indictment. *Rosamond v. State*, 730 S.W.2d 147, 148 (Tex.App.—Corpus Christi 1987, no pet.). Failing to negate an exception is the same as failing to allege an essential element of the offense—it renders the indictment void. *Id.* We hold that § 38.01(11) contains no statutory exceptions. Exceptions within the Penal Code are labeled by the phrase: "It is an exception to the application

of...." Tex.Penal Code Ann. § 2.02 (Vernon 1974). Only those exceptions so labeled must be negated. *See* Practice Commentary to § 2.02. Nothing in § 38.01(11) begins with this phrase. Point two is overruled.

■ By point five, appellant argues that the trial court did not have jurisdiction over the case. The State moved to amend the indictment by alleging that appellant sought an *economic* benefit and that appellant solicited employment *by communicating in person with Maria de la Paz Martinez.* Although the court granted the State's motion to amend, no change was ever made to the face of the indictment. At trial, the prosecutor read the amended version to the jury. Appellant pleaded to the same. Appellant now claims that, due to the failure of the amendment, the true indictment was never read to the jury, she never pleaded to the true indictment, and therefore, the issue between herself and the State was never joined. We disagree.

■ The law requires the prosecutor to read the indictment to the jury. The defendant must plead to the indictment, or the issue between the State and the accused is not joined. *See Richardson v. State,* 763 S.W.2d 594, 595 (Tex.App.—Corpus Christi 1988, no pet.). Here, the indictment was not actually amended since no one altered the face of the instrument itself. However, even if the State fails in an attempt to amend, the original indictment is not rendered void. Rather, the "unamended" indictment controls. *See Ward v. State,* 829 S.W.2d 787, 795 (Tex.Crim. App.1992). The purpose of reading the indictment is to inform the accused and the jury of the charges being brought against the accused. *Hinojosa v. State,* 788 S.W.2d 594, 599 (Tex.App.—Corpus Christi 1990, pet. ref'd). The State's reading of the amended version of the indictment was sufficient to apprise the jury and appellant of the charges against her. *See Richardson,* 763 S.W.2d at 595. The amended language which was read merely made the indictment more descriptive. All of the essential allegations in the original indictment were included in the amended language that the jury and appellant heard at trial. Appellant entered her plea without objection after the indictment was read. Although appellant made three separate motions to quash, she only pursued one to hearing. That motion did not address the issue she presents here. We find that appellant's plea to the indictment after the amended version was read was effective to join the issue between her and the State. We find no error. Point five is overruled.

■ By point three, appellant claims that the trial court erred in admitting hearsay testimony. The State questioned Ms. Martinez about either appellant's or attorney Reyna's interest in her daughter's claim. Over appellant's objection, Martinez testified that Reyna said he was not interested in her daughter's welfare, only in the money he could get from her case.

■ Under Tex.R.Crim.Evid. 803(3), a statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, or mental feeling) is admissible as an exception to the hearsay rule. Here, Reyna's statement to Martinez reveals his motive for obtaining Martinez as a client. In addition, it showed the overall context of the solicitation scheme by revealing that the solicitation of Martinez was for economic benefit. This Court understands that the indictment required the State to prove that appellant solicited employment intending to receive a benefit for herself. Arguably, Reyna's statement concerning his own motive does not necessarily prove appellant's motive for the solicitation. However, "evidence merely tending to affect the probability of the truth or falsity of a fact in issue is logically relevant." *Montgomery v. State,* 810 S.W.2d 372, 376 (Tex.Crim.App.1990). The evidence showed that appellant was offering Reyna's legal services to these potential clients, thus showing indirectly that she too sought an economic benefit. Intent may be inferred from the acts, words, and conduct of the accused. *Gutierrez v. State,* 672 S.W.2d 633, 635 (Tex.App.—Corpus Christi 1984), *aff'd as reformed,* 741 S.W.2d 444 (Tex. Crim.App.1987). The trier of fact makes

its determination of culpable mental state from all of the circumstances. *Nance v. State,* 807 S.W.2d 855, 862 (Tex.App.—Corpus Christi 1991, pet. ref'd). Appellant did not object to the relevancy of the evidence. Neither did she complain that the probative value of this evidence was substantially outweighed by the danger of unfair prejudice. *See Montgomery,* 810 S.W.2d at 377, 388; Tex.R.Crim.Evid. 403. We overrule point three.

By point four, appellant contends that the trial court reversibly erred by overruling her requested jury charge. Appellant wanted the charge to include the following: "and the defendant was acting with Maria de la Paz Martinez and did not request the said communication or *anyone acting for her.*" The Court denied the request. Appellant claims that the charge as submitted failed to apply the law to the facts and lessened the State's burden because it was not required to negate the defensive issue that Martinez may have requested the communication.

A defendant is entitled to a defensive issue if it is raised by the evidence. *Sanders v. State,* 707 S.W.2d 78 (Tex.Crim. App.1986). The crux of appellant's argument is that Nora Olivarez could have requested the communication from appellant. Appellant's theory is only a rebuttal to the State's evidence of solicitation. A defensive theory that merely negates an element of the offense requires no affirmative charge. *Moore v. State,* 736 S.W.2d 682, 684 (Tex.Crim.App.1987); *Sanders,* 707 S.W.2d at 80–81.

The charge contains the definition of the term "solicit" from the penal code. *See Watson v. State,* 548 S.W.2d 676, 679 n. 3 (Tex.Crim.App.1977). The statute defines solicitation as a communication that has not been requested. Tex.Penal Code Ann. § 38.01. When a refused charge is substantially the same or is adequately covered by the charge given, no error occurs. *Hawkins v. State,* 660 S.W.2d 65, 81–82 (Tex.Crim.App.1983); *Carrillo v. State,* 591 S.W.2d 876, 890 (Tex.Crim.App.1979). The charge as given adequately protected appellant's right to have the jury determine whether or not Martinez or someone acting on her behalf requested the communication. Point four is overruled.

By points six, seven and eight, appellant complains that the barratry statute is unconstitutionally vague and overbroad under both the United States and Texas constitutions. In response, we refer appellant to our recent decision in *Sandoval,* in which we held that the Texas barratry statute is not subject to an overbreadth analysis. We further held that an appellant urging an overbreadth claim must prove that § 38.12 is unconstitutional in its application to her. Here, appellant must show that she was engaged in protected speech activity. This she fails to do.

Appellant argues that she could not have been convicted because Nora Olivarez could have requested the communication between appellant and Martinez and that Olivarez could have been "acting on Martinez's behalf." The argument is not compelling because Martinez testified that she did not seek to hire an attorney. Her answers to other questions indirectly showed that she did not ask Olivarez to seek counsel for her. The Texas legislature has forbidden attorneys or their agents to solicit clients either in person or by telephone. Tex.Penal Code Ann. §§ 38.-12(a)(3) and 38.01(11). Attorneys are not forbidden to respond to a potential client's request for legal counsel. *Id.* The purpose of the statute is to protect vulnerable and unknowing individuals from overreaching or improper behavior on the part of lawyers. The State has a legitimate interest in doing so. *See Ohralik v. Ohio State Bar Assoc.,* 436 U.S. 447, 455, 98 S.Ct. 1912, 1918, 56 L.Ed.2d 444 (1978). Martinez did not want to initiate legal action against anyone. She contracted for representation only reluctantly, and after repeated contact which appellant initiated. Sufficient evidence showed that Martinez did not request communication from appellant, nor did she designate someone to do so for her.

Appellant's fear that attorneys or their agents will be penalized for disseminating

any type of legal information is unfounded since the statute requires that solicitation be undertaken by someone "with intent to obtain an economic benefit for himself." TEX.PENAL CODE ANN. § 38.12.

 Appellant further claims that the statute is .void for vagueness under the federal and Texas constitutions because it fails to give fair warning of the conduct it prohibits, and it encourages arbitrary and capricious enforcement. A statute is unconstitutionally vague only if it is impermissibly vague in all of its applications. *Briggs v. State,* 740 S.W.2d 803, 806 (Tex. Crim.App.1987). One challenging a statute for vagueness must show that no set of circumstances exist under which the act would be valid. *Briggs v. State,* 789 S.W.2d 918, 923 (Tex.Crim.App.1990). A statute is vague when persons of common intellect must necessarily guess at its meaning and differ about its application. *Cotton v. State,* 686 S.W.2d 140, 141 (Tex. Crim.App.1985). Statutory language is not unconstitutionally vague if it conveys a sufficient warning about the proscribed conduct when measured by common understanding and practices. *Farmer v. State,* 540 S.W.2d 721, 722 (Tex.Crim.App.1976). Appellant claims that the meaning of the phrase "when neither the person receiving the communication nor anyone acting on that person's behalf has requested the communication" is vague because a lawyer can never be certain that a claimant is actually requesting representation. We disagree.

"Request" means "to express a wish or desire for," "to ask for," or "to ask (a person) to do something." Webster's Twentieth Century Dictionary, 2d Ed., p. 1538 (1980). We believe that the plain language of the statute is clear to persons of ordinary intelligence. Generally, a person knows if someone has asked him to do something for him. Appellant would like this Court to hold that Ms. Martinez "requested" the communication by responding to Nora Olivarez's invitation. Alternatively, appellant urges this Court to hold that Nora Olivarez requested the communication for Martinez. We are not convinced that the legislature intended to forbid at-

torneys or their agents to intentionally solicit claimants, and yet allow them to affect the same result by contacting a disinterested third party who then issues the claimant an invitation to speak to someone about a lawsuit. We hold that the statute is not impermissibly vague as applied to appellant. Points six through eight are overruled.

Having carefully examined the record and all of appellant's claims we find no reversible error. The judgment of the trial court is AFFIRMED.

## OPINION ON MOTION FOR REHEARING

Appellant Norma Lopez files her motion for rehearing complaining of error in our analysis of the sufficiency of the evidence, as well as our failure to address her claim in her second point of error that the State did not rebut statutory defenses.

In our discussion of appellant's first point of error attacking the evidentiary sufficiency, we stated that the sufficiency of the evidence is measured by the language of the court's charge to the jury. However, in our opinion, we erroneously quoted language from the State's indictment. The charge reads as follows:

Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the Defendant, Norma Lopez, on or about September 21, 1989, in Hidalgo County, Texas, did then and there with the intent to obtain an enconomic [sic] benefit for herself, said benefit being money or employment, did solicit employment for Mauro Reyna, III, by communicating in person with Maria De La Paz Martinez to allow Mauro Reyna, III, to prosecute a suit or collect a claim for Maria De La Paz Martinez against Valley Coca-Cola Bottling Company as a result of the Mission Consolidated Independent School District bus collision with the Valley Coca-Cola Bottling Company motor vehicle that occurred on September 21, 1989, you will find the Defendant "guilty" of barratry, but if you do not believe beyond a reasonable doubt, or if

you have a reasonable doubt thereof, you will acquit the Defendant and say by your verdict "not guilty."

As we discussed in response to appellant's point five, the difference in language between the charge and the indictment merely made the State's burden more onerous. Appellant plead to the indictment without objection. The difference in the language does not affect our analysis of the sufficiency of the evidence.

Appellant also complains of a misrepresentation of fact. In our original opinion we stated that "appellant told Martinez that the court would possibly appoint an attorney for her daughter and that they would take away her rights." Upon re-examining the record, we agree that the testimony was taken out of context and the statement is not necessarily attributable to appellant. This adjustment in the facts in no way alters our determination that the evidence is sufficient to support appellant's conviction.

Appellant further contends that we did not address her claim that the State failed to negate defenses to the barratry offense found in § 38.01 of the Penal Code. *See* point two, *supra*. Appellant took the position on original submission that the language of § 38.01 constituted *exceptions* which the State was required to negate in the indictment. In her brief, appellant only generally mentioned that the exceptions could also have been defenses. She supplied no argument or authority on this contention. As such, it was waived. TEX. R.APP.P. 74(d).

With these clarifications added to our original opinion, we overruled appellant's motion for rehearing.