Bobbi Jo SMITH, Appellant,

v.

STATE of Texas, Appellee.

No. 11–05–00409–CR.

Court of Appeals of Texas, Eastland.

Dec. 13, 2007.

James R. Matthews, J.R. Matthews & Associates, LLC, Boyd, for appellant.

Michael K. Burns, Dist. Atty., Palo Pinto, for appellee.

Panel consists of: WRIGHT, C.J., STRANGE, J., and HILL, J.[1]

## OPINION

JOHN G. HILL, Justice.

Bobbi Jo Smith appeals her conviction by a jury of the offense of murder. The trial court assessed her punishment at fifty years in the Texas Department of Criminal Justice, Institutional Division, and a fine of $5,000. She contends in three issues that the trial court erred in excluding testimony of two defense witnesses; in striking language in the proposed charge that would have required the jury to find that she knew of the intent of Jennifer Lynn Jones, who had actually committed the murder, to kill the deceased; and in refusing to allow her counsel to argue to the

jury that it was required to make such a finding. We affirm.

Jennifer Lynn Jones killed Robert Clair (Bob) Dow, Jr. by shooting him while they were having sex. Jones testified that killing Dow was Smith's idea, that Smith provided her with the gun she used, and that Smith took the gun from the scene and disposed of it. Smith urges in issue one that the trial court erred in excluding testimony of two defense witnesses, Pamela Cartwright and Carla Weatherford. Cartwright would have testified that Jones, while in jail, told her that she killed Dow because of his pervertedness and that Jones never mentioned that Smith had anything to do with it. Weatherford would have testified that Jones told her, also while she was in jail, that she killed Dow because she was tired of being abused and that Jones never told her that Smith had helped her murder Dow or helped her plan to murder him.

The State objected to the testimony of Weatherford and Cartwright on the basis of hearsay and relevance. Smith contends that their testimony was admissible by virtue of Tex.R. Evid. 803(3). That rule provides that a statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, or bodily health) is admissible. Rule 803(3). In this case, the testimony regarded Jones's motive in killing Dow. Consequently, the testimony would appear to be admissible assuming that Jones's motive is relevant in this case.

The State appears to contend that Jones's motive was not at issue because she had pleaded guilty to murder, that the statements of the two witnesses did not

**1.** John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth    sitting by assignment.

relate to Smith's state of mind, and that the statements were made in 2006 after Jones had been convicted and sentenced and about two years after the offense was committed. Smith was tried as a party to Jones's act of murdering Dow. A person is criminally responsible as a party to an offense if the offense is committed by the conduct of another for which he or she is criminally responsible. TEX. PENAL CODE ANN. § 7.01 (Vernon 2003). A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he or she solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. TEX. PENAL CODE ANN. § 7.02 (Vernon 2003). The matters at issue in this case, then, were what actions, if any, Smith took in relation to Jones's commission of the offense, as well as Smith's intention when taking those actions. Jones's motive, even as to whether she thought she was doing it because Smith wanted her to, was, therefore, irrelevant to the issue of Smith's culpability or lack thereof with respect to the murder of Dow. Consequently, the trial court did not abuse its discretion in sustaining the State's objection to the proffered testimony of Cartwright and Weatherford.

In asserting that the trial court abused its discretion by not admitting the testimony of Cartwright and Weatherford, Smith relies upon *Fain v. State*, 986 S.W.2d 666, 679 (Tex.App.-Austin 1998, pet. ref'd), and *Lopez v. State*, 846 S.W.2d 90, 94 (Tex. App.-Corpus Christi 1992, pet. ref'd). We find both of those cases to be distinguishable.

In *Fain*, the court held that the trial court did not abuse its discretion in admitting evidence of the murder victim's statement to a third party, made about two weeks before her disappearance, of her intention to remain with the defendant despite problems in the relationship. *Fain*, 986 S.W.2d at 679–80. The court held that the evidence was admissible based upon the exception to the hearsay rule set forth in Rule 803(3). *Id.* Nothing in *Fain* indicates that evidence of the motive of a party other than the defendant in a case such as the one at bar is relevant or admissible.

In *Lopez*, the defendant was charged with barratry as a result of soliciting clients for an attorney with the intention of receiving a benefit for herself. *Lopez*, 846 S.W.2d at 94. A witness testified that the attorney in question told her that he was not interested in her daughter's welfare, only the money he could get from the case. *Id.* The court held that this evidence of the attorney's motive constituted some indirect evidence that the defendant, like the attorney, sought an economic benefit. *Id.* Nothing in *Lopez* causes us to conclude that evidence of Jones's motive for killing Dow was relevant to the issue of Smith's intent with respect to the murder. We overrule issue one.

■■■ Smith urges in issue two that the trial court erred in not including language requiring that the jury find, as a prerequisite to conviction, that Smith knew of Jones's intent, if any, to shoot and kill Dow. The charge did instruct the jury that it could find Smith guilty if it found beyond a reasonable doubt that Smith acted with the intent to promote or assist the commission of the offense by Jones by soliciting, encouraging, directing, aiding, or attempting to aid Jones to commit the murder. The charge follows the statutory wording of Section 7.02 and appears to incorporate the elements required for the commission of this offense as a party. Smith insists that the language she requested should have been included because one could not have the necessary intent to promote or assist the commission of the offense if he

or she did not know that the other party intended to commit the offense. In fact, one could be guilty as a party without knowing in advance that the other party intended to commit the offense. Obviously, one would not be guilty unless the other party actually committed the offense. There is no requirement, however, that one prosecuted as a party, when engaged in those actions set forth in Section 7.02 with the intent to promote or assist the commission of an offense by another, know in advance that the other party intends to commit that offense. *See Hooper v. State,* 214 S.W.3d 9, 14 (Tex.Crim.App.2007).

Smith insists that prior knowledge of the other party's intent is required to establish her guilt. She relies upon the cases of *Amaya v. State,* 733 S.W.2d 168, 174–75 (Tex.Crim.App.1986), and *Bush v. State,* 506 S.W.2d 603, 605 (Tex.Crim.App.1974). We find those cases to be distinguishable. In *Amaya,* the defendant was charged with misapplication of fiduciary property in an amount exceeding $10,000. *Amaya,* 733 S.W.2d at 169. The court held that, absent evidence that the defendant (who the court held was not a principal party in connection with the offense) knew that his actions were directed toward the commission of an offense, the evidence was insufficient to support the conviction. *Id.* at 174. The jury in *Amaya* was charged under Section 7.02, just as the charge in this case. *Id.* There was no issue in *Amaya* concerning the wording of the charge. We also note that the court in *Amaya* distinguished between a case of misapplication of fiduciary property and of murder where one would know criminal activity was involved. Nothing in the opinion indicates that where one takes actions as a party to murder, with the requisite intent, that one must also know prior to the other party committing the offense that the other party intends to commit that offense.

In *Bush,* the defendant was present with others when they committed a robbery at a convenience store. *Bush,* 506 S.W.2d at 604–05. The issue before the court was the sufficiency of the evidence to support the revocation of Bush's probation. *Id.* at 604. The court noted:

When A actually commits the offense, but B is present, knowing the unlawful intent, and aids by acts or encourages by words, then B is a principal. B is also a principal when he advises or agrees to the commission of the offense, and is present when the same is committed whether he aids in the commission of the offense or not (citations omitted).

As we read the opinion in *Bush,* the court was summarizing the evidence as it applied to the defendant, holding that evidence sufficient to support Bush's conviction. *Bush* contains no language indicating that a defendant who has taken the actions set forth in Section 7.02, with the intent set forth in that section, must have an advance knowledge of the other party's intent to commit the offense or that the charge to the jury must incorporate such a requirement. We overrule issue two.

Smith insists in issue three that the trial court erred by not allowing her counsel to argue to the jury that such advance knowledge of Jones's intent was required. Her argument in connection with this issue is that such advance knowledge is required to support a conviction. Inasmuch as we have concluded that there is no such requirement, we overrule issue three.

The judgment is affirmed.