Opinion filed December 13, 2007











 
 
  
 
 







 
 
  
 
 




Opinion filed December 13,
2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00409-CR

                                                     __________

 

                                       BOBBI
JO SMITH, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                              On Appeal
from the 29th District Court

 

                                                         Palo
Pinto County, Texas

 

                                                      Trial
Court Cause No. 12533

 



 

                                                                   O
P I N I O N      

Bobbi
Jo Smith appeals her conviction by a jury of the offense of murder.  The trial
court assessed her punishment at fifty years in the Texas Department of
Criminal Justice, Institutional Division, and a fine of $5,000.   She contends
in three issues that the trial court erred in excluding testimony of two
defense witnesses; in striking language in the proposed charge that would have
required the jury to find that she knew of the intent of Jennifer Lynn Jones,
who had actually committed the murder, to kill the deceased; and in refusing to
allow her counsel to argue to the jury that it was required to make such a
finding.  We affirm. 








Jennifer
Lynn Jones killed Robert Clair (Bob) Dow, Jr. by shooting him while they were
having sex.  Jones testified that killing Dow was Smith=s idea, that Smith provided her with the gun
she used, and that Smith took the gun from the scene and disposed of it.  Smith
urges in issue one that the trial court erred in excluding testimony of two
defense witnesses, Pamela Cartwright and Carla Weatherford.  Cartwright would
have testified that Jones, while in jail, told her that she killed Dow because
of his pervertedness and that Jones never mentioned that Smith had anything to
do with it.  Weatherford would have testified that Jones told her, also while
she was in jail, that she killed Dow because she was tired of being abused and
that Jones never told her that Smith had helped her murder Dow or helped her
plan to murder him.

The
State objected to the testimony of Weatherford and Cartwright on the basis of
hearsay and relevance.  Smith contends that their testimony was admissible by
virtue of Tex. R. Evid. 803(3). 
That rule provides that a statement of the declarant=s then existing state of mind, emotion,
sensation, or physical condition (such as intent, plan, motive, design, mental
feeling, pain, or bodily health) is admissible.  Rule 803(3).   In this case,
the testimony regarded Jones=s
motive in killing Dow.  Consequently, the testimony would appear to be
admissible assuming that Jones=s
motive is relevant in this case.  








The
State appears to contend that Jones=s
motive was not at issue because she had pleaded guilty to murder, that the
statements of the two witnesses did not relate to Smith=s state of mind, and that the statements were
made in 2006 after Jones had been convicted and sentenced and about two years
after the offense was committed.  Smith was tried as a party to Jones=s act of murdering Dow.  A
person is criminally responsible as a party to an offense if the offense is
committed by the conduct of another for which he or she is criminally
responsible.  Tex. Penal Code Ann.
' 7.01 (Vernon 2003). 
A person is criminally responsible for an offense committed by the conduct of
another if, acting with intent to promote or assist the commission of the
offense, he or she solicits, encourages, directs, aids, or attempts to aid the
other person to commit the offense.  Tex.
Penal Code Ann. ' 7.02
(Vernon 2003).   The matters at issue in this case, then, were what actions, if
any, Smith took in relation to Jones=s
commission of the offense, as well as Smith=s
intention when taking those actions.  Jones=s
motive, even as to whether she thought she was doing it because Smith wanted
her to, was, therefore, irrelevant to the issue of Smith=s culpability or lack thereof with respect to
the murder of Dow.  Consequently, the trial court did not abuse its discretion
in sustaining the State=s
objection to the proffered testimony of Cartwright and Weatherford.

In
asserting that the trial court abused its discretion by not admitting the
testimony of Cartwright and Weatherford, Smith relies upon Fain v. State,
986 S.W.2d 666, 679 (Tex. App.CAustin
1998, pet. ref=d), and
Lopez v. State, 846 S.W.2d 90, 94 (Tex. App.CCorpus Christi 1992, pet. ref=d).  We find both of those
cases to be distinguishable.

In
Fain, the court held that the trial court did not abuse its discretion
in admitting evidence of the murder victim=s
statement to a third party, made about two weeks before her disappearance, of
her intention to remain with the defendant despite problems in the
relationship.  Fain, 986 S.W.2d at 679-80.  The court held that the
evidence was admissible based upon the exception to the hearsay rule set forth
in Rule 803(3).  Id.  Nothing in Fain indicates that evidence of
the motive of a party other than the defendant in a case such as the one at bar
is relevant or admissible.

In
Lopez, the defendant was charged with barratry as a result of soliciting
clients for an attorney with the intention of receiving a benefit for herself. 
Lopez, 846 S.W.2d at 94.  A witness testified that the attorney in
question told her that he was not interested in her daughter=s welfare, only the money
he could get from the case.  Id.  The court held that this evidence of
the attorney=s motive
constituted some indirect evidence that the defendant, like the attorney,
sought an economic benefit.  Id.  Nothing in Lopez causes us to
conclude that evidence of Jones=s
motive for killing Dow was relevant to the issue of Smith=s intent with respect to
the murder.   We overrule issue one.








Smith
urges in issue two that the trial court erred in not including language
requiring that the jury find, as a prerequisite to conviction, that Smith knew
of Jones=s intent, if
any, to shoot and kill Dow.  The charge did instruct the jury that it could
find Smith guilty if it found beyond a reasonable doubt that Smith acted with
the intent to promote or assist the commission of the offense by Jones by
soliciting, encouraging, directing, aiding, or attempting to aid Jones to
commit the murder.  The charge follows the statutory wording of Section 7.02
and appears to incorporate the elements required for the commission of this
offense as a party.  Smith insists that the language she requested should have
been included because one could not have the necessary intent to promote or
assist the commission of the offense if he or she did not know that the other
party intended to commit the offense.  In fact, one could be guilty as a party
without knowing in advance that the other party intended to commit the
offense.  Obviously, one would not be guilty unless the other party actually
committed the offense.  There is no requirement, however, that one prosecuted
as a party, when engaged in those actions set forth in Section 7.02 with the
intent to promote or assist the commission of an offense by another, know in
advance that the other party intends to commit that offense.  See Hooper v.
State, 214 S.W.3d 9, 14 (Tex. Crim. App. 2007).  

Smith
insists that prior knowledge of the other party=s
intent is required to establish her guilt.  She relies upon the cases of Amaya
v. State, 733 S.W.2d 168, 174-75 (Tex. Crim. App. 1986), and Bush v.
State, 506 S.W.2d 603, 605 (Tex. Crim. App. 1974).  We find those cases to
be distinguishable.  In Amaya, the defendant was charged with
misapplication of fiduciary property in an amount exceeding $10,000.  Amaya,
733 S.W.2d at 169.  The court held that, absent evidence that the defendant
(who the court held was not a principal party in connection with the offense)
knew that his actions were directed toward the commission of an offense, the
evidence was insufficient to support the conviction.  Id. at 174.  The
jury in Amaya was charged under Section 7.02, just as the charge in this
case.  Id.  There was no issue in Amaya concerning the wording of
the charge.  We also note that the court in Amaya distinguished
between a case of misapplication of fiduciary property and of murder where one
would know criminal activity was involved.  Nothing in the opinion indicates
that where one takes actions as a party to murder, with the requisite intent,
that one must also know prior to the other party committing the offense that
the other party intends to commit that offense.

In
Bush, the defendant was present with others when they committed a
robbery at a convenience store.  Bush, 506 S.W.2d at 604-05.  The issue before
the court was the sufficiency of the evidence to support the revocation of Bush=s probation.  Id. at
604.  The court noted: 

When
A actually commits the offense, but B is present, knowing the unlawful intent,
and aids by acts or encourages by words, then B is a principal.  B is also a
principal when he advises or agrees to the commission of the offense, and is
present when the same is committed whether he aids in the commission of the
offense or not (citations omitted).

 








As
we read the opinion in Bush, the court was summarizing the evidence as
it applied to the defendant, holding that evidence sufficient to support Bush=s conviction.  Bush contains
no language indicating that a defendant who has taken the actions set forth in
Section 7.02, with the intent set forth in that section, must have an advance
knowledge of the other party=s
intent to commit the offense or that the charge to the jury must incorporate
such a requirement.  We overrule issue two.    Smith insists in issue three
that the trial court erred by not allowing her counsel to argue to the jury
that such advance knowledge of Jones=s
intent was required.  Her argument in connection with this issue is that such
advance knowledge is required to support a conviction.  Inasmuch as we have
concluded that there is no such requirement, we overrule issue three.

The
judgment is affirmed.

 

 

JOHN G. HILL

JUSTICE

 

December 13,
2007

Publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

Strange, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.