In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00046-CR


______________________________




CLARENCE WESLEY HALEY, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the Sixth Judicial District Court


Lamar County, Texas


Trial Court No. 22275




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter


 MEMORANDUM OPINION



I. FACTUAL AND PROCEDURAL HISTORY 

 Clarence Wesley Haley is a convicted sex offender with a duty to register annually as such
for life. In April 2007, Haley moved from Gregg County, Texas, to the Holiday Mobile Home Park
in Paris, Texas. In May 2007, Haley opened a tattoo shop on Lamar Street in Paris. 

 On July 23, 2007, Haley reported to Officer Matt Burch, the sex offender registration
compliance officer for the City of Paris, and advised that he was living in Paris. At that time, Haley
completed a sex offender registration update. (1) The following day, Burch spoke with Randy Daniels
and J. R. Matlock at the Holiday Mobile Home Park and learned that Haley moved into the mobile
home park in April 2007. In mid to late August 2007, Haley surreptitiously left Paris, leaving his
trailer and tattoo shop vacant. Burch thereafter filed a report regarding Haley's failure to comply
with sex offender registration requirements and forwarded it to the Lamar County district attorney's
office. 

 Ultimately, Haley was convicted by a jury of failure to register as a sex offender upon his
arrival in Paris, Texas, in violation of Section 62.102 of the Texas Code of Criminal Procedure, with
punishment enhanced to habitual offender status under Section 12.42(d) of the Texas Penal Code. 
The court assessed Haley's punishment at forty-five years' imprisonment. (2) 

 Because we find that the indictment was not fundamentally defective, and because the verdict
is supported by legally and factually sufficient evidence, we modify the judgment of the trial court
to reflect Haley's conviction of a third degree felony under Article 62.102(b)(2) of the Texas Code
of Criminal Procedure, and affirm the judgment as modified. (3)
 

II. ISSUES ON APPEAL 

 (1) Whether the indictment was fundamentally defective;

 (2) Whether the evidence was legally and factually sufficient to support a conviction 
under Article 62.102 of the Texas Code of Criminal Procedure; 

 (3) Whether the trial court correctly sentenced Haley within the appropriate range of
punishment; and

 (4) Whether the judgment should have reflected a conviction under Article 62.102 of the
Texas Code of Criminal Procedure as opposed to Article 62.10.

III. ANALYSIS OF POINTS OF ERROR 

 A. The Indictment Is Without Fundamental Defect

 "An indictment is a written instrument presented to a court by a grand jury charging a person
with the commission of an offense." Tex. Const. art. V, § 12(b).
 The sufficiency of an indictment is a question of law. State v. Moff, 154 S.W.3d 599, 601
(Tex. Crim. App. 2004). Because this issue is based on undisputed facts, we will review de novo
this issue of law. See generally Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997);
Brossette v. State, 99 S.W.3d 277, 280 (Tex. App.--Texarkana 2003, pet. ref'd, untimely filed).

 Haley did not object to the indictment before trial, and claims he need not have done so
because the indictment is fundamentally defective as it does not allege sufficient facts to determine
the level of the offense alleged. The complained-of indictment in this case states, in pertinent part,
that:

 CLARENCE WESLEY HALEY on or about July 24, 2007 in Lamar County,
Texas, anterior to the presentment of this Indictment, did then and there intentionally
or knowingly fail to report to the local law enforcement authority, to-wit: Chief of
Police, city of Paris, Texas, to register or verify registration under the sex offender
registration program within seven days after defendant's arrival in said municipality,
a municipality in which defendant resides or intends to reside for more than seven
days, and the defendant had a reportable conviction or adjudication, namely: 
Aggravated Sexual Assault, and said defendant's duty to register expires under
Article 62.101(A) of the Texas Code of Criminal Procedure . . . . (4)

 Because the reporting requirement is determinative of the level of offense, Haley claims the
State was obliged to include the applicable reporting requirement in the indictment. For example,
a person charged with a second degree felony is required to register once each ninety-day period
while a person charged with a third degree felony is under a duty to register once each year. (5)
Accordingly, Haley claims that he was not apprised of whether he was charged with a second or third
degree felony, thereby rendering the indictment fundamentally defective. 

 In Mantooth v. State, 269 S.W.3d 68, 72 (Tex. App.--Texarkana 2008, no pet.), this Court
held that "[b]ecause the indictment [was] sufficient to identify the penal statute under which the State
intends to prosecute, the error [was] not 'fundamental' error." In that case, we also noted that, from
an historical standpoint, defects of substance in an indictment were "fundamental" errors and could
be challenged at any point in the proceedings. Id. at 72; Cook v. State, 902 S.W.2d 471, 476 (Tex.
Crim. App. 1995). However, Article V, Section 12 of the Texas Constitution was amended in 1985
to provide that the presentation of an indictment vests the trial court with jurisdiction over the case. 
See Tex. Const. art. V, § 12; see also Studer v. State, 799 S.W.2d 263, 272 (Tex. Crim. App. 1990). 
A defendant waives any defect of form or substance in an indictment if no objection is made before
the date trial commences. See Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon 2005). 

 Conversely, not all indictment defects are matters of substance such that a defendant must
object to them before trial or lose the right to complain on appeal. Defects that render the instrument
a nonindictment are of the type that would render it impossible for the defendant to know the offense
with which he or she has been charged. See Duron v. State, 956 S.W.2d 547, 550 (Tex. Crim. App.
1997); Mantooth, 269 S.W.3d at 72. A charging instrument vests jurisdiction in the trial court, and
thus must be objected to before trial, when the instrument is clear enough in its language that the
defendant can identify the offense alleged. Teal v. State, 230 S.W.3d 172, 180 (Tex. Crim. App.
2007). 

 Here, the error complained of is not fundamental. The indictment clearly states that Haley's
duty to register expires under Article 62.101(a) of the Texas Code of Criminal Procedure, (6) requiring
lifetime registration in the case of an individual charged with a sexually violent offense. 
Consequently, Haley was required to lodge some objection to preserve error. See Tex. Code Crim.
Proc. Ann. art. 1.14(b) (Vernon 2005).

 Further, we believe the indictment gave Haley proper notice of the punishment range for the
offense. A sexually violent offense includes the offense of aggravated sexual assault committed by
a person seventeen years of age or older. (7) The underlying offense for which Haley was required to
register was aggravated sexual assault. Thus, the indictment specified with clarity the one sexually
violent offense that the State intended to use against Haley. Further, because the indictment alleged
only one sexually violent offense rather than alleging two or more prior convictions for said offense,
it is clear that Haley was subject to the annual reporting requirement rather than the ninety-day
reporting requirement. (8) Because Haley was required to report an offense under Article 62.058 of the
Texas Code of Criminal Procedure annually, he was charged with a felony of the third degree. (9)

 B. Legal and Factual Sufficiency of the Evidence 

 In his second point of error, Haley contends that the evidence is legally and factually
insufficient. We preface our analysis with the general rule that a person commits the offense of
failure to comply with registration requirements if the person "is required to register and fails to
comply with any requirement" of Chapter 62. Tex. Code Crim. Proc. Ann. art. 62.102 (Vernon
2006).

 Whether one is required to report for his or her lifetime or only for a period of years, the
reporting requirements during the relevant period are the same. Mantooth, 269 S.W.3d at 72. A
person fails to comply with registration requirements if he or she fails to give seven days' notice of
intent to change addresses, fails to report a change of address within seven days, or fails to report a
change in employment status within seven days. See Tex. Code Crim. Proc. Ann. arts. 62.055,
62.057(b), 62.102 (Vernon 2006). Here, Haley is alleged to have failed to report a change of address
within seven days.

 In evaluating the legal sufficiency of the evidence in a criminal case, the evidence is viewed
in the light most favorable to the verdict to determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 319 (1979); Drichas v. State, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005). In conducting this
review, we do not engage in a second evaluation of the weight and credibility of the evidence, but
only ensure that the jury reached a rational decision. Muniz v. State, 851 S.W.2d 238, 246 (Tex.
Crim. App. 1993); Harris v. State, 164 S.W.3d 775 (Tex. App.--Houston [14th Dist.] 2005, pet.
ref'd).

 Unlike our legal sufficiency review, all of the evidence is viewed in a neutral light when
conducting a factual sufficiency review. Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App.
2006); Neal v. State, 256 S.W.3d 264, 275 (Tex. Crim. App. 2008), cert. denied, 129 S.Ct. 1037
(2009). We are to determine if the evidence supporting the verdict, although legally sufficient, is
nevertheless so weak that the verdict is clearly wrong or manifestly unjust or whether the verdict is
against the great weight and preponderance of the conflicting evidence. Watson, 204 S.W.3d at
414-15; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

 In addition, we are instructed to employ a hypothetically correct jury charge analysis to
evaluate both the legal and factual sufficiency of the evidence. Grotti v. State, 273 S.W.3d 273 (Tex.
Crim. App. 2008). Such a charge accurately sets out the law, is authorized by the indictment, does
not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of
liability, and adequately describes the particular offense for which the defendant was tried. 
Villarreal v. State, 286 S.W.3d 321 (Tex. Crim. App. 2009); Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997).

 Haley was charged with a third degree felony failure to register as a sex offender. This is
clear from the indictment, which alleges violation of Haley's duty to register as a sex offender, which
violation expires under Article 62.101(a) of the Texas Code of Criminal Procedure, as previously
discussed. The judgment indicates the degree of offense to be a first degree felony. Haley concedes
that the evidence supports a third degree felony conviction with punishment enhanced to a first
degree offense. (10) 

 The State proved Haley's reportable conviction as set forth in the indictment and further
proved Haley's failure to notify the appropriate authorities upon his change of residence within the
statutory time frame. The State introduced a copy of the judgment finding Haley guilty of aggravated
sexual assault as alleged in the indictment. The evidence here is legally and factually sufficient to
prove Haley committed the offense of failure to comply with sex-offender registration requirements. 
The reportable conviction created a duty under Article 62.101(a), which made the offense a third
degree felony. The evidence is legally and factually sufficient to support the verdict convicting
Haley of the offense for which he was charged. We recognize the offense was a third degree felony. 
 Thus, this Court is authorized to reform the trial court's judgment so that it may speak the
truth. Tex. R. App. P. 43.2(b); French v. State, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); Smith
v. State, 223 S.W.3d 690, 696-97 (Tex. App.--Texarkana 2007, no pet.). (11)
 Accordingly, the
judgment of the trial court shall be modified to reflect the degree of offense to be a third degree
felony.

 C. Haley Was Properly Sentenced for an Enhanced Third Degree Felony, Not a
First Degree Felony


 After Haley pled "true" to sentence-enhancement allegations of two prior felony offenses, the
court assessed a forty-five year sentence. See Tex. Penal Code Ann. § 12.42(d) (Vernon Supp.
2008). Neither party claims this sentence is not within the applicable statutory punishment range for
an habitual felony offender. Haley claims, however, that he was erroneously convicted of a first
degree felony when he was indicted and found guilty of a third degree felony; therefore, punishment
should have been enhanced to that of a second degree felony, rather than that of a first degree felony. 
We disagree.

 The punishment range for a third degree felony, of which Haley was convicted, is between
two and ten years' imprisonment. (12) Because Haley pled "true" to having been previously, finally,
and sequentially convicted of two other felony offenses, the punishment range was appropriately
increased to the penalty range applicable to habitual felony offenders pursuant to Section 12.42(d)
of the Texas Penal Code. (13) While Haley was punished within the proper, applicable punishment
range based on this crime and his criminal history, he was, nonetheless, convicted of only a third
degree felony. The notation on the trial court's judgment that Haley was convicted of a first degree
felony is erroneous, and as discussed above, will be modified to speak the truth.

 D. The Judgment Should Have Reflected a Conviction Under Article 62.102 of the
Texas Code of Criminal Procedure


 The statute for the offense listed in the judgment is Article "62.10 Code of Criminal
Procedure." Haley contends that because this provision was amended in 2005 and renumbered as
Article 62.102, (14) his conviction should properly have been one of failure to register, in violation of
Article 62.102 of the Texas Code of Criminal Procedure. The State agrees that the judgment should
have reflected a conviction under Article 62.102. Accordingly, we modify the judgment by deleting
the incorrect code provision and substituting the correct code provision, as stated above. See
Gutierrez v. State, 741 S.W.2d 444, 445 (Tex. Crim. App. 1987).

IV. CONCLUSION

 We modify the judgment of the trial court to reflect the degree of offense to be a third degree
felony. Due to the two prior convictions involved, the trial court assessed punishment within the
proper range. We further modify the judgment to reflect the correct statute for the offense as Article
62.102 of the Texas Code of Criminal Procedure. We find the indictment to be free of fundamental
defect and further find there to be legally and factually sufficient evidence to support Haley's
conviction.

 As modified, we affirm the judgment. 


 Jack Carter

 Justice


Date Submitted: October 8, 2009

Date Decided: October 16, 2009


Do Not Publish
1. Article 62.055(a) of the Texas Code of Criminal Procedure provides, in relevant part, as
follows:


 If a person required to register changes address, the person shall, not later
than the seventh day after changing the address or the first date the applicable local
law enforcement authority by policy allows the person to report, report in person to
the local law enforcement authority in the municipality or county in which the
person's new residence is located and provide the authority with proof of identity and
proof of residence.


Tex. Code Crim. Proc. Ann. art. 62.055(a) (Vernon 2006).
2. While the State claims Haley failed to accurately report both his arrival in Paris and his
departure therefrom, this appeal only involves Haley's failure to report as a sex offender upon his
arrival in Paris, Texas. 
3. In a companion appeal before this Court, cause number 06-09-00147-CR, Haley appeals
his conviction for failing to register as a sex offender upon his departure from Paris, Texas. 

4. The indictment was amended on October 21, 2008, to include the cause number, date, and
county of the conviction for aggravated sexual assault.
5. Tex. Code Crim. Proc. Ann. art. 62.102(b)(1)-(3) (Vernon 2006) provides:


 An offense under this article is:

 (1) a state jail felony if the actor is a person whose duty to register expires
under Article 62.101(b) or (c);

 (2) a felony of the third degree if the actor is a person whose duty to register
expires under Article 62.101(a) and who is required to verify registration once each
year under Article 62.058; and

 (3) a felony of the second degree if the actor is a person whose duty to register
expires under Article 62.101(a) and who is required to verify registration once each
90-day period under Article 62.058.
6. Article 62.101(a) of the Texas Code of Criminal Procedure provides, in relevant part, as
follows:


 (a) Except as provided by Subsection (b) and Subchapter 1, the duty to
register for a person ends when the person dies if the person has a reportable
conviction or adjudication, other than an adjudication of delinquent conduct, for:

 (1) a sexually violent offense;


Tex. Code Crim. Proc. Ann. art. 62.101(a) (Vernon 2006).
7. Article 62.001 of the Texas Code of Criminal Procedure provides, in relevant part, as
follows:


 In this chapter:

 . . . .

 (6) "Sexually violent offense" means any of the following offenses committed by
a person 17 years of age or older:

 (A) an offense under 21.02 (Continuous sexual abuse of young child or
children), 21.11(a)(1) (Indecency with a child), 22.011 (Sexual assault), or 22.021
(Aggravated sexual assault), Penal Code;


Tex. Code Crim. Proc. Ann. art. 62.001 (Vernon Supp. 2008).
8. Article 62.058(a) of the Texas Code of Criminal Procedure provides, in pertinent part: 


 (a) A person subject to registration under this chapter who has for a sexually
violent offense been convicted two or more times, received an order of deferred
adjudication two or more times, or been convicted and received an order of deferred
adjudication shall report to the local law enforcement authority designated as the
person's primary registration authority by the department not less than once in each
90-day period following the date the person first registered under this chapter to
verify the information in the registration form maintained by the authority for that
person. A person subject to registration under this chapter who is not subject to the
90-day reporting requirement described by this subsection shall report to the local
law enforcement authority designated as the person's primary registration authority
by the department once each year not earlier than the 30th day before and not later
than the 30th day after the anniversary of the person's date of birth to verify the
information  in  the  registration  form  maintained  by  the  authority  for  that  person
. . . .


Tex. Code Crim. Proc. Ann. art. 62.058(a) (Vernon 2006).
9. Article 62.102(b)(2) of the Texas Code of Criminal Procedure provides that if an individual
is required to register once each year under Article 62.058, the failure to comply offense is a felony
of the third degree. See Tex. Code Crim. Proc. Ann. art. 62.102(b)(2) (Vernon 2006 ).
10. Punishment was not enhanced to the level of a first degree felony, which carries a range of
five to ninety-nine years or life; rather, punishment was enhanced under the habitual felony offender
provisions of Section 12.42(d) of the Texas Penal Code, which provides for a minimum of twenty-five years' imprisonment in the Texas Department of Criminal Justice.
11. The courts of appeals are not limited to reforming judgments to correct only clerical errors.
Bigley v. State, 865 S.W.2d 26, 28 (Tex. Crim. App. 1993).

12. See Tex. Penal Code Ann. § 12.34 (Vernon Supp. 2008).
13. See Tex. Penal Code Ann. § 12.42(d). A conviction of a felony other than a state jail
felony allows the enhancement of punishment if the defendant has been finally convicted,
sequentially, of two felony offenses. The punishment is then enhanced to imprisonment for life or
any term of not more than ninety-nine years or less than twenty-five years. 
14. See Act of May 26, 2005, 79th Leg., R.S., ch. 1008, § 1.01, 2005 Tex. Gen. Laws 3385,
3407-08.