ACCEPTED
13-13-00066-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
2/25/2015 5:05:22 PM
DORIAN RAMIREZ
CLERK

# IN THE COURT OF APPEALS FOR
## THE THIRTEENTH DISTRICT OF TEXAS
### CAUSE NO. 13-13-00066-CR

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
2/25/2015 5:05:22 PM
DORIAN E. RAMIREZ
Clerk

ON APPEAL FROM
THE 357TH DISTRICT COURT
OF CAMERON COUNTY, TEXAS
CAUSE NO. 2012-DCR-1135-E

ERIC ROEL JIMENEZ V. STATE OF TEXAS

\* \* \* \* \* \* \* \* \*

## APPELLANT'S BRIEF

\* \* \* \* \* \* \* \* \*

Larry Warner,
ATTORNEY AT LAW
Counsel for Eric Jimenez
3109 Banyan Circle
Harlingen, Tx 78550 7443
Phone (956) 230 0361
Tex.State Bar# 20871500
Usdc,Stdx# 1230
**office@larrywarner.com**
website: larrywarner.com
Member, Bar of the Supreme
Court of the United States
(1984)

APPELLANT REQUESTS ORAL ARGUMENT,
PURSUANT TO TEX.R.APP.PROC.39.7

*Pursuant to Tex.R.App.Proc.38.1(a),Appellant provides the following identity of parties and counsel:*

## PARTIES AND INTERESTED PERSONS

1.  Eric Roel Jimenez, Appellant.

2.  Hon. Brian Clark Erskine, State Bar No. 24074182, Assistant District Attorney, Cameron County Courthouse, 964 East Harrison, Brownsville, Texas 78520, Phone (956) 544-0849.
    PROSECUTING ATTORNEY AT TRIAL

3.  Hon. Brandy Bailey, State Bar No. 24050244, Assistant District Attorney, Cameron County Courthouse, 964 East Harrison, Brownsville, Texas 78520, Phone (956) 544-0849.
    PROSECUTING ATTORNEY AT TRIAL

4.  Hon. Luis V. Saenz, State Bar No. 17514880, District Attorney, District Attorney, Cameron County Courthouse, 964 East Harrison, Brownsville, Texas 78520, Phone (956) 544-0849.
    PROSECUTING ATTORNEY AT TRIAL AND ON APPEAL

5.  Hon. Jennifer Marie Avendano, State Bar No. 24052304, District Attorney, District Attorney, Cameron County Courthouse, 964 East Harrison, Brownsville, Texas 78520, Phone (956) 544-0849.
    PROSECUTING ATTORNEY ON APPEAL

6.  Hon. Richard R. Rodriguez (DECEASED), State Bar No. 17148527, Attorney at Law, 1117 E Harrison St., Harlingen, Texas 78550, Phone (956) 425-4992.
    DEFENSE ATTORNEY AT TRIAL

7.  Hon. Ricardo Alonzo Barrera, State Bar No. 24071959, Attorney at Law, 1314 E. Harrison, Harlingen, Texas 78550, Phone (956) 428-2822.
    DEFENSE ATTORNEY ON APPEAL

8.    HON. LARRY WARNER, State Bar No. 20871500, Law
      Office of Larry Warner, 3109 Banyan Circle,
      Harlingen, TX 78550. Phone (956) 230-0361.
      DEFENSE ATTORNEY ON APPEAL

*Pursuant to Tex.R.App.Proc.38.1(b,Appellant provides the following table of contents:*

## TABLE OF CONTENTS

<u>PAGE</u>

IDENTITY OF PARTIES.................................2-3

TABLE OF CONTENTS..................................4-5

TABLE OF AUTHORITIES...............................6-8

STATEMENT OF CASE....................................9

ISSUES PRESENTED....................................10

1. Is this a proscribed summary of the evidence or comment on the weight of the evidence? Is the error fundamental? Is any error harmless beyond a reasonable doubt?

   > Immediately after the prosecutor argued that the defendant must be guilty because he refused the breath test, the Judge said, "I mean, it just tracks the evidence".

2. Is this egregious harm: "Intoxication means...having an alcohol concentration of 0.08 or more"? (CR52)

3. Did the state's proof disprove this exception: "except a device used exclusively on stationary rails or tracks" in proving operation of a "motor vehicle"?(CR8)

4. Is this egregious harm? Does this instruction amount to a proscribed comment on the weight of the evidence? "The law in our State provides that a person may be convicted on the testimony of one witness...."(CR 53, ¶3)

STATEMENT OF FACTS....................................11-12

SUMMARY OF ARGUMENT............................... 13-15

ARGUMENT.........................................16-34

CONCLUSION AND REQUEST FOR RELIEF....................35

CERTIFICATE OF SERVICE...............................36

CERTIFICATE OF COMPLIANCE............................36

*Pursuant to Tex.R.App.Proc.38.1(c),Appellant provides the following index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited:*

## INDEX OF AUTHORITIES

**CASES**                                                                    **PAGES**

**Almanza v. State**,686 S.W.2d157(Tex.Crim.App.[en banc]1984) . . . . . . . . . . . . . . . . . . . . 24
> "Intoxication means...having an alcohol concentration of 0.08 or more."

**Blue v. State**,41 S.W.3d 129(Tex.Crim.App.[En Banc]2000) . . . . . . . . . . . . . . . . . . . . . . 16,17,22,33
> The Code prohibits the Judge from commenting on or summing up the evidence.

**Boozer v. State**,717S.W.2d608(Tex.Crim.App.1986) . . 30
> It used to be that the measure of the legal sufficiency of the evidence was the instruction to the jury actually given.

**Carbide Int.,Ltd. v. State**, 695S.W.2d653,659hn10(Tex. App.–Austin 1985,no pet.) . . . . . . . . . . . . 26
> A penal statute... must be couched in such explicit terms that the party upon whom it is to operate may with reasonable certainty ascertain what the statute requires to be done, and when it must be done; otherwise, there would be no opportunity for a person charged with the duty to protect himself by the performance of it according to the law.

**Clark v. State**(App. 5 Dist. 1994) 878 S.W.2d 224 . 21
> To determine whether trial court's comments on evidence prejudiced defendant's rights, reviewing court considers consequences that probably resulted from trial court's comments; error is harmless if reviewing courts determines beyond reasonable doubt that court's error made no contribution to conviction.

**Fulminante v. Arizona**,499 U.S.279(1991) . . . . .  23,33
     The error was structural, not trial error.

**Hoang v. State** (App. 6 Dist. 1999) 997 S.W.2d 678. 18,20
     A trial court improperly comments on the weight of
     the evidence if it makes a statement that implies
     approval of the state's argument, that indicates any
     disbelief in the defense's position, or that
     diminishes the credibility of the defense's approach
     to its case.

**Leal v. State**,338S.W.2d 443(Tex.Crim.App.1960) . .  25
     "[T]he jury[,] relied heavily upon its alcohol
     content."

**Malik v. State**,953 S.W.2d 234(Tex.Crim.App.[En Banc]1997)
. . . . . . . . . . . . . . . . . . . . . . . . . 14,31
     The Court of Criminal Appeals said the measure of
     review was a theoretically correct charge, rather
     than the charge actually given.

**McElroy v. State**,667S.W.2d856(Tex.App.–Dallas 1984,pet.
granted,affirmed) . . . . . . . . . . . . . . . . . 30
     The state did not disprove it.No one said, "This was
     not a device used exclusively on stationary rails or
     tracks".

**Rodriguez v. State**,758 S.W.2d 787,788(Tex.Crim.App.[En
Banc]1988) . . . . . . . . . . . . . . . . . . . . 24
     "On rehearing, this Court held that Rule 81(b)(2),
     Tex.R.App.Pro., and not the tests set out in Almanza,
     supra, govern in deciding whether this kind of charge
     error was harmless to the defendant."

**Rosamond v. State**,730 S.W.2d 147(Tex.App.–Corpus
Christi,no pet.) . . . . . . . . . . . . . . . . . . 31
     The Court of Appeals acquitted Appellant when the
     state failed to prove a different exception.

**Strong v. State** (App.13 Dist.2004)138S.W.3d 546 .  17,18

To be a comment on the weight of the evidence, the Judge's comments must be in the presence of the jury.

**Williams v. State** (App. 2 Dist. 1992) 834 S.W.2d 502,pet. refd. . . . . . . . . . . . . . . . . . . . . . . . .   32
An instruction is not an improper comment on weight of evidence if it was not reasonably calculated to benefit state or to prejudice defendant's rights.

**OTHER REFERENCES:**
TEX.PEN.CODE§49.01(2)(B)  . . . . . . . . . . . . .   24
TEX.PEN.CODE§49.01(2)(B),art. 6701l . . . . . . . .   25

Jones on Evidence § 2:34  . . . . . . . . . . . . .   26

http://www.intheknowzone.com/substance-abuse-topics/binge-drinking/blood-alcohol-concentration.html(accessed February 23, 2015)  . . . . . . . . . . . . . . . .   27

*Pursuant to Tex.R.App.P.38.1(a), Appellant provides the following statement of the case, stating concisely the nature of the case, the course of the proceedings, and the trial court's disposition of the case:*

### *STATEMENT OF THE CASE*

The defendant was prosecuted for DWI, a felony.

He pleaded not guilty and tried the issue to a jury.

The jury found the defendant guilty.

The judge assessed punishment at probation.

Defendant filed a timely notice of appeal.

His lawyer died.

The District Court asked Mr. Warner to represent appellant.

*Pursuant to Tex.R.App.Proc.38.1(e), Appellant presents this statement of issues presented:*

### ISSUES PRESENTED

1.  Is this a proscribed summary of the evidence or comment on the weight of the evidence? Is the error fundamental? Is any error harmless beyond a reasonable doubt?
    Immediately after the prosecutor argued that the defendant must be guilty because he refused the breath test, the Judge said, "I mean, it just tracks the evidence".

2.  Is this egregious harm: "Intoxication means...having an alcohol concentration of 0.08 or more"? (CR, 52)

3.  Did the state's proof disprove this exception: "except a device used exclusively on stationary rails or tracks" in proving operation of a "motor vehicle"?(CR, 8)

4.  Is this egregious harm? Does this instruction amount to a proscribed comment on the weight of the evidence? "The law in our State provides that a person may be convicted on the testimony of one witness...."(CR 53, ¶3)

*Pursuant to Tex.R.App.Proc.38.1(f), Appellant provides the following statement of facts stating concisely without argument the facts pertinent to the issues of points presented:*

### STATEMENT OF FACTS

1. Is this a proscribed summary of the evidence or comment on the weight of the evidence? Is the error fundamental? Is any error harmless beyond a reasonable doubt?

Immediately after the prosecutor argued that the defendant must be guilty because he refused the breath test, the Judge said, "I mean, it just tracks the evidence".

> "Now he has got to prove his innocense.
> MS. BAILEY: And Your Honor, failure to take or refuse to take the breath test is a legal argument to show guilt.
> THE COURT: ***I mean, it just tracks the evidence.*** Overruled." (RR 1, 4-5)"

2. Is this egregious harm: "Intoxication means...having an alcohol concentration of 0.08 or more"? (CR52)

The instructions are found at CR 52.

3. Did the state's proof disprove this exception: "except a device used exclusively on stationary rails or tracks" in proving operation of a "motor vehicle"?(CR8)

The theoretically correct charge states the exception.

There was no testimony or evidence to negate the exception.

4. Is this egregious harm?  Does this instruction amount to a proscribed comment on the weight of the evidence? "The law in our State provides that a person may be convicted on the testimony of one witness...."(CR  53, ¶3)

The noted instruction appears at (CR 5,3¶3)

*Pursuant to Tex. R. App. Proc. 38.1(g), Appellant provides the following summary of the argument which he hopes the Court will find to be a succinct and accurate statement of the argument made in the body of the brief not merely a repetition of the issues or points presented for review:*

### SUMMARY OF ARGUMENT

1. Is this a proscribed summary of the evidence or comment on the weight of the evidence? Is the error fundamental? Is any error harmless beyond a reasonable doubt?

Immediately after the prosecutor argued that the defendant must be guilty because he refused the breath test, the Judge said, "I mean, it just tracks the evidence".

> "Now he has got to prove his innocense.
> MS. BAILEY: And Your Honor, failure to take or refuse to take the breath test is a legal argument to show guilt.
> THE COURT: *I mean, it just tracks the evidence.* Overruled." (RR 1, 4-5)"

2. Is this egregious harm: "Intoxication means...having an alcohol concentration of 0.08 or more"? (CR52)

Someone with that much alcohol in his system would be dead.

Prior versions over the last century have expressed the proscribed amount as a decimal followed by a percentage sign: "0.10%" and "0.15%".

Criminal statutes must be strictly construed. The Court of Appeals may not add or understand a percent sign when none appears in the statute.

3.  Did the state's proof disprove this exception: "except a device used exclusively on stationary rails or tracks" in proving operation of a "motor vehicle"?(CR 8)

This was the "theoretically correct" instruction which **Malik** said was the measure for the legal sufficiency of the evidence. It is the instruction the Judge gave. There is no testimony or evidence in the record to disprove the exception. The Court should acquit Jimenez.

4.  Is this egregious harm?  Does this instruction amount to a proscribed comment on the weight of the evidence? "The law in our State provides that a person may be convicted on the testimony of one witness...."(CR  53, ¶3)

The state put on three witnesses.  The first two said they did not even see the defendant on that day.  The

third was the officer who thought he was intoxicated and who arrested him. The Judge's correct instruction amounted to a comment on the weight of the evidence. The error was fundamental in this one witness case. The jury must have thought that since the Judge said they could convict on the testimony of one witness, then the defendant must be guilty. The error is not harmless beyond a reasonable doubt because the Judge's perceived opinion tipped the scales. The defendant said he had one drink. Other testimony was that the airbags deployed and that people hit by airbags are dazed. The Court of Appeals should order a new trial.

*Pursuant to Tex. R. App. Proc. 38.1(h), Appellant provides the following argument or the contentions made, with appropriate citations to the authorities and to the record:*

## *ARGUMENT*

1. Is this a proscribed summary of the evidence or comment on the weight of the evidence? Is the error fundamental? Is any error harmless beyond a reasonable doubt?

   "He had the ability to take the test, to 14 definitively show if he was intoxicated, and he refused.
   15 MR. RODRIGUEZ: Your Honor, I'm going to
   16 object to this line of argument, she is putting the burden
   17 on the defense, and that is totally --
   18 THE COURT: What's the objection?
   19 MR. RODRIGUEZ: Huh?
   20 THE COURT: What is your objection?
   21 MR. RODRIGUEZ: The objection is that's an
   22 illegal argument -- not illegal, it's an unconstitutional
   23 argument, she is putting the burden on the defendant. Now
   24 he has got to prove his innocense.
   25 MS. BAILEY: And Your Honor, failure to
   1 take or refuse to take the breath test is a legal argument
   2 to show guilt.
   3 THE COURT: *I mean, it just tracks the*
   *4 evidence.* Overruled." (RR 1, 4-5)

   The Code prohibits the Judge from commenting on or summing up the evidence. That is what happened here. This is very similar to the fundamental error in **Blue v. State**, 41 S.W.3d 129(Tex.Crim.App.[En Banc]2000)

The Judge may not comment on the weight of the evidence:

> "In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case."**Blue v. State**,41 S.W.3d 129(Tex.Crim.App.[En Banc]2000)

To be a comment on the weight of the evidence, the Judge's comments must be in the presence of the jury. Comments made by trial judge concerning admissibility of testimony by State's rebuttal witness in trial of defendant on two counts of aggravated sexual assault, giving defendant choice of returning to the stand to preclude the testimony of the witness or remaining silent and relying on his original statement, did not violate defendant's right to due process or statute prohibiting judges from commenting on the weight of evidence or its bearing in a case; comments were made outside the presence of the jury, and did not provide assistance to the State.  **Strong v. State** (App. 13 Dist. 2004) 138 S.W.3d 546.

The comments in **Strong** were outside the presence of the jury, so they were not the proscribed comments on the weight of the evidence.

The comments in Jimenez were in the presence of the jury.

> "THE COURT: So let's go ahead and proceed with closing arguments.***(RR1 4)
> MS. BAILEY: Now, ladies and gentlemen of the jury, you have all of the evidence before you...."(RR 1, 5)

The prosecutor's remarks appear between the two citations above.

A trial court improperly comments on the weight of the evidence if it makes a statement that implies approval of the state's argument, that indicates any disbelief in the defense's position, or that diminishes the credibility of the defense's approach to its case. **Hoang v. State** (App. 6 Dist. 1999) 997 S.W.2d 678.

The following comment by the Judge is a statement that implies approval of the state's argument:

> "He had the ability to take the test, to definitively show if he was intoxicated, and he refused.
> MR. RODRIGUEZ: Your Honor, I'm going to

object to this line of argument, she is putting the burden on the defense, and that is totally --

THE COURT: What's the objection?

MR. RODRIGUEZ: Huh?

THE COURT: What is your objection?

MR. RODRIGUEZ: The objection is that's an illegal argument -- not illegal, it's an unconstitutional argument, she is putting the burden on the defendant. Now he has got to prove his innocense.

MS. BAILEY: And Your Honor, failure to take or refuse to take the breath test is a legal argument to show guilt.

THE COURT: ***I mean, it just tracks the evidence.*** Overruled." (RR 1, 4-5)

This comment approved the state's argument that "failure to take or refuse to take the breath test is a legal argument to show guilt."  The state's argument was made immediately before the Judge's comment.  The Judge's comment was on the "evidence". The prosecutor's argument was about the defendant's guilt. The judge's  comment approved the prosecutor's argument by intimating that the evidence showed that the defendant was guilty by commenting on the evidence.

What would a lay juror have thought? That is the test. To determine whether trial judge's remarks were

improper comment on evidence, some factors to be evaluated are whether the remarks were made in the presence of the jury and whether the comments, however impartially they may have been made, may have led the jury to infer the judge's own opinion of the merits of the case. **Hoang v. State** (App. 6 Dist. 1999) 997 S.W.2d 678.

The remarks were in the presence of the jury, as indicated by the Trial Judge's calling for final arguments and the prosecutor's addressing the "Ladies and Gentlemen of the Jury".(RR 1, 4-5)

Right after the prosecutor made an argument that the evidence(of his not taking the test) indicated he was guilty, the Trial Judge commented on the "*evidence*", saying "I mean, it just tracks the evidence." The Judge did not say, "I mean, it just tracks the statute". The Judge said, "I mean, it just tracks the evidence." A lay juror would have thought that the Judge thought that the evidence showed, that the *evidence* showed that the defendant was guilty.

To determine whether trial court's comments on evidence prejudiced defendant's rights, reviewing court considers consequences that probably resulted from trial court's comments; error is harmless if reviewing courts determines beyond reasonable doubt that court's error made no contribution to conviction. **Clark v. State**(App. 5 Dist. 1994) 878 S.W.2d 224.

There was no blood test. There was no breath test. There was no crash. There was a refusal. There was an argument that he must be guilty because he refused the test. The evidence that he did not take the test was admissible. The prosecutor could point out to the jury that the defendant did not take the test. But the Judge could not approve the prosecutor's argument that the defendant must be guilty because he did not take the test. Coming right after the prosecutor's argument and mentioning the evidence, the evidence, makes the comment one on the weight of the evidence and the error not harmless beyond a reasonable doubt. The Court of Appeals cannot say that as the reviewing court it determines beyond reasonable doubt that the trial court's error made

no contribution to conviction in this weak case. The prosecutor's very argument depended on Jimenez' having refused the test.

The Court of Appeals should find error, fundamental error, harmful error, in that the Judge's comment approved the prosecutor's argument and helped the prosecution.

The Court of Appeals should order a new trial.

## The error was fundamental

The Judge in **Blue v. State**, 41S.W.3d 129(Tex.Crim.App.[EnBanc]2000) told the jury that he wished the Defendant had pleaded guilty so that everyone would not have to waste time. The Court of Criminal Appeals deemed the comment error, fundamental error. In Jimenez the Trial Judge told the jury that the evidence showed the defendant was guilty; the Judge did that by approving the prosecutor's argument that the defendant was guilty because the defendant did not take the test. Of course the refusal was admissible. That is not the test for whether the Judge made a comment on the weight

of the evidence.  Of course the prosecutor could argue that the refusal was some evidence of guilt. Perhaps that argument was error. It does not matter when we are examining the Trial Judge's comment.  What matters is that the Trial Judge approved the prosecutor's argument that the defendant must be guilty because the defendant refused the test. In a weak case, the Judge's comment helped the state.  The test is whether the Court of Appeals can say beyond a reasonable doubt that the comment made no contribution to the verdict.

The error was structural, not trial error. **Fulminante v. Arizona**,499 U.S.279(1991) If the Judge tells the jury that the prosecutor's argument that the defendant must be guilty since the defendant refused the test "tracks the evidence", why bother with a jury.  The Judge agrees with the prosecutor that the defendant must be guilty because the Judge approves the prosecutor's argument.

But a fair trial requires a neutral judge. The lack of a neutral judge is structural.  **Fulminante,supra**

The Court of Appeals should find the error fundamental and should review it. On review, it should

find that the error is not harmless beyond a reasonable doubt. It should order a new trial.

2. Is this egregious harm: "Intoxication means...having an alcohol concentration of 0.08 or more"? (CR, 52) **Almanza v. State**,686 S.W.2d157(Tex.Crim.App.[en banc]1984) superseded by rule as stated in **Rodriguez v. State**,758 S.W.2d 787,788(Tex.Crim.App.[En Banc]1988) The correct statement is "0.08%" or "0.0008). So, the error is off by a factor of 100.

"After the Court of Appeals decided the instant appeal, this Court delivered its opinion on the Court's own motion for rehearing in **Rose v. State**, 752 S.W.2d 529 (Tex.Cr.App.1988). On rehearing, this Court held that Rule 81(b)(2), Tex.R.App.Pro., and not the tests set out in Almanza, supra, govern in deciding whether this kind of charge error was harmless to the defendant. This Court further held that failure to object to the unconstitutional jury charge did not waive error. Since an objection was not required, it is of no consequence in the instant case that appellant's point of error on appeal was not raised at trial."**Rodriguez v. State**,758 S.W.2d 787,788(Tex.Crim.App.[En Banc]1988)

The relevant law

Here is what the law says:

"(B) having an alcohol concentration of 0.08 or more."TEX.PEN.CODE§49.01(2)(B)

Here is what the law meant to say:

> "(B) having an alcohol concentration of 0.08% or more."

Here is what the immediate predecessor of

TEX.PEN.CODE§49.01(2)(B),art. 6701l –1, said:

> "Until art. 6701l –1 was amended, effective January 1, 1984, the sole definition of "intoxication" in Texas was that a driver did not have the normal use of his mental or physical faculties by reason of introduction of alcohol into his body. The statutory amendment added the new definition of "having an alcohol concentration of 0.10% or more."

Here is what the 1923 to ~1960 version provided

in a prosecution for murder by driving while

intoxicated:

> Leal was prosecuted "under Art. 802c, Vernon's Ann.P.C." "Roger Bickham, chemist and toxicologist, who examined the specimen, testified that the urine had an alcohol content of .15 percent." "[T]he jury[,] relied heavily upon its alcohol content." **Leal v. State**,338S.W.2d 443(Tex.Crim.App.1960)

The Court of Appeals may not add a percent sign that

the Legislature did not state:

The Third Court of Appeals set out the guiding maxim:

> "It is a well-established principle of statutory construction that penal statutes must be strictly construed in determining the liability of the person upon whom the penalty is imposed, and that the more severe the penalty, and the more disastrous the consequence to the person subject to the provisions of the statute, the more rigid will be the construction of its provisions in favor of such a person and against the enforcement of such law.... A penal statute ... must be couched in such explicit terms that the party upon whom it is to operate may with reasonable certainty ascertain what the statute requires to be done, and when it must be done; otherwise, there would be no opportunity for a person charged with the duty to protect himself by the performance of it according to the law."**Carbide Int.,Ltd.v.State**,695S.W.2d653,659hn10(Tex. App.–Austin 1985,no pet.)

The Court of Appeals may take judicial notice of percentages and decimals.

> "Judicial notice has been taken of a world-wide financial crisis, an extraordinary stock market collapse, a general economic and financial depression which followed it, and an ensuing adverse business and financial condition and distress and widespread unemployment." Jones on Evidence § 2:34....

The figure ".08" is equivalent to 8%. A person with 8% alcohol in his blood would be dead:

## "Blood Alcohol Concentration (BAC)

"The legal system uses a more scientific method for determining when a person is drunk, Blood Alcohol Concentration (BAC,) the percentage of alcohol in the blood (or proportion of alcohol to blood in the body) as someone drinks.

In most states, a BAC of .10% is considered legally drunk. This means that for every 1,000 milliliters of blood, the body contains 1 milliliter of alcohol. In some states, the legal definition of intoxication is .08%, which means that for every 1000 milliliters of blood, the body contains 8/10ths of a milliliter of alcohol.

A BAC of .37%-.40% or higher can cause death.

Death may occur at .37% or higher. BACs of .45% and higher are fatal to nearly all individuals."
http://www.intheknowzone.com/substance-abuse-topics/binge-drinking/blood-alcohol-concentration.html(accessed February 23, 2015)


The Court of Appeals should find error, that the error is not harmless beyond a reasonable doubt, and should remand for a new trial.

The indictment charged driving while intoxicated:

"operate a motor vehicle in a public place while said defendant was intoxicated...." (CR, 8)


The evidence:

Here is the essence of the testimony of the three witnesses the state presented:

## SUMMARY OF THE EVIDENCE

STATE'S WITNESSES:
JOSE MARTINEZ
A. Well, picking up the leaves from the trees, the branches of the palm trees. (RR 3, 23)

Q. And what else did you see?
A. Well, the car wrecked between the palm trees. (RR 3, 24)

A. Well, like a bit not all there. He might have been a little, drinking a little. (RR 3, 28)

[Never IDs man walking as defendant.]

ROLANDO ORTEGA:
A. I am Officer Rolando Ortega with the La Feria Police Department. (RR 3, 31)

Q. Were you near him at all?
A. No.
Q. So would you be able to testify about whether or not he was intoxicated?
A. No. (RR 3, 35)

A. Yes. The vehicle hit the concrete and then slid over and ended up where it is at right now. (RR 3, 41)

Q. And then what was it's final resting place?
A. Final resting place was just about ten or fifteen feet away from the point of impact, facing north bound on Lilac.  (RR 3, 42)

Q. (BY MS. BAILEY) So, but you saw no skid

marks.

A. Correct.

Q. And you were unable to determine the speed.

A. Yes. (RR 3, 44)

A. After the investigations, I spoke with Officer Padilla, which he had told me his side of the story, and he had told me he had charged the driver with DWI because he smelled the alcohol on him.

So I just completed my accident investigation, and concluded that fact there he had been drinking. (RR 3, 48-49)

JUAN PADILLA:

A. I am presently employed with the Harlingen Police Department (RR 3, 59)

just only an individual I saw walking away from it. (RR 3, 63)

the witness has identified the defendant?

THE COURT: So noted. (RR 3, 63)

I noticed his eyes were red. I mean, I could smell alcohol from him when I was talking to him. He was staggering, he couldn't keep his balance RR 3 65

he stated that he was driving and somebody pulled out in front of him, walked in front of him, which caused him to have the accident. (RR 3, 63)

A. He replied that he had one drink, one beer (RR 3, 67)

he actually had to hold on to the door to keep from falling to the ground.  (RR 3, 67)

A. The defendant stated to me that he was driving.  (RR 3, 68)

we asked him for a sample of his breath, which he stated he would comply with (RR 3, 72)

Q. But you were unable to obtain a blood alcohol reading because he refused to provide one, is that correct?
A. He refused yes, sir.  (RR 3, 81)


The prosecutor's argument reinforced the error:

> "So the first one is not having the normal use of your mental faculties by the reason of introduction of alcohol into the body, for not having physical faculties, for having an alcohol concentration of .08 or higher." (RR 1, 6/7-11)


3.   Did the state's proof disprove this exception: "except a device used exclusively on stationary rails or tracks" in proving operation of a "motor vehicle"?(CR, 8)


This is an "exception". The state has to disprove it:

**McElroy v. State**,667S.W.2d856(Tex.App.-Dallas 1984,pet.granted,affirmed) The state did not disprove it.No one said, "This was not a device used exclusively on stationary rails or tracks".

It used to be that the measure of the legal sufficiency of the evidence was the instruction to the jury actually given. **Boozer v. State**,717S.W.2d608(Tex.Crim.App.1986) Then the Court of Criminal Appeals said the measure of review was a theoretically correct charge, rather than the charge actually given. **Malik v. State**,953 S.W.2d 234(Tex.Crim.App.[En Banc]1997)The judge's charge in Jimenez is theoretically correct in including the language "not a device used exclusively on stationary rails or tracks". The proof failed to disprove the exception. The Court of Appeals should acquit Appellant, just as this Court of Appeals did when the state failed to prove a different exception. **Rosamond v. State**,730 S.W.2d 147(Tex.App.-Corpus Christi,no pet.)

    4. Is this egregious harm? Does this instruction amount to a proscribed comment on the weight of the evidence? "The law in our State provides that a person may be convicted on the testimony

of one witness...." ( C R , 53¶3)....................

An instruction is not an improper comment on weight of evidence if it was not reasonably calculated to benefit state or to prejudice defendant's rights. **Williams v. State** (App. 2 Dist. 1992) 834 S.W.2d 502,pet.refd.

In Jimenez, the instruction did indeed benefit the state by leaving the intimation that the judge would permit a conviction on the testimony of the only witness the state presented. In Jimenez, the instruction did prejudice the defendant's right not to have the Judge comment on the weight of the evidence. The evidence was in equipoise. There was testimony the jury could have accepted that the defendant swerved to avoid a collision, and that that caused the accident. There was testimony that he had one beer. There was testimony that the airbags deployed and that people impacted by airbags are dazed. But the Judge's instruction tipped the scales

against the defendant by effectively commenting on the weight of the evidence.

The error was fundamental because the Judge's instruction deprived the defendant of a neutral and detached magistrate. **Blue,supra; Fulminante v. Arizona, supra.** The magistrate was not neutral and detached because the Judge gave the jury an instruction which emphasized some testimony and conveyed the Judge's opinion that the defendant was guilty.

The State presented three witnesses. The first two did not see the defendant or identify him in court. Only one witness identified the defendant. Only one said the defendant was intoxicated. The "one witness" instruction effectively was a comment on the weight of the evidence, since it emphasized the one-witness-ness of the state's case. Above is a summary of the state's witnesses and the testimony of each.

The state put on three witnesses. The first two said they did not even see the defendant on that day. The third was the officer who thought he was intoxicated and who arrested him. The Judge's correct instruction

amounted to a comment on the weight of the evidence. The error was fundamental in this one witness case. The jury must have thought that since the Judge said they could convict on the testimony of one witness, then the defendant must be guilty. The error is not harmless beyond a reasonable doubt because the Judge's perceived opinion tipped the scales. The defendant said he had one drink. Other testimony was that the airbags deployed and that people hit by airbags are dazed. The Court of Appeals should order a new trial.

*Pursuant to Tex. R. App. Proc. 38.1(I), Appellant provides a short conclusion that clearly states the nature of the relief sought:*

**CONCLUSION AND REQUEST FOR RELIEF**

The Court of Appeals should find that the proof failed to disprove the exception. The Court of Appeals should acquit Appellant.

Failing which, the Court of Appeals should find error, that the error is not harmless beyond a reasonable doubt, and should remand for a new trial.

RESPECTFULLY SUBMITTED
February 25, 2015.

/s/Larry Warner
Larry Warner,
Counsel for Eric Roel Jimenez
3109 Banyan Circle
Harlingen, Tx 78550 7443
Phone (956) 230-0361
Tex.State Bar# 20871500
Usdc,Stdx# 1230
**office@larrywarner.com**
website: larrywarner.com
Member, Bar of the Supreme Court of the United States (1984); Board Certified, Criminal Law, Texas Board of Legal Specialization (1983)

### *CERTIFICATE OF SERVICE*

I certify that I had delivered a copy of the foregoing APPELLANT'S INITIAL BRIEF via fax to the following counsel of record on this 25th day of February, 2015 to the District Attorney's office at 964 E. Harrison Street, 2nd Floor, Brownsville, Texas 78520. Fax: 1-956-544-0869.

Respectfully Submitted,
February 25, 2015.

*/s/Larry Warner*
Larry Warner,
Counsel for Appellant

### Certificate Of Compliance

I certify that this brief complies with TEX.R.APP.9(i) (2)(B) and was prepared using WordPerfect X3, font in Courier New 14pt. And contains 4406 words as counted by the WordCount Tool of this software program.

Respectfully Submitted,
February 25, 2015.

*/s/Larry Warner*
Larry Warner,
Counsel for Appellant